RUMFORD CHEMICAL WORKS v. HYGIENIC CHEMICAL CO. et al.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 148.

1. EVIDENCE—PATENTS—SUIT FOR INFRINGEMENT—PRIVIES—FORMER TRIAL.
    Where the defendants in a suit for infringement of a patent participated in and contributed to the defense in a prior suit on the same patent, which was in fact a test case, they became privies to such suit, and the testimony of a witness therein, since deceased, is admissible against them to establish infringement.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2411–2413.
    Operation and effect of decision in equitable suit for infringement, see note to Westinghouse Electric Mfg. Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

2. PATENTS—EVIDENCE OF INFRINGEMENT.
    In a suit for infringement against the Hygienic Chemical Company of New York, where it was shown that defendant was a selling company only, while the Hygienic Chemical Company of New Jersey was a manufacturing

company only, the testimony of a witness that he purchased an article shown to be an infringement from the "Hygienic Chemical Company" in New York is sufficient, prima facie, to establish infringement by the defendant.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree dismissing the bill in an equity suit based upon letters patent No. 474,811, granted to Charles A. Catlin for an improvement in baking powders. The patent was sustained by this court in a suit by complainant against New York Baking Powder Company et al., 134 Fed. 385, 67 C. C. A. 367. The bill was dismissed because of the failure to prove infringement, the Circuit Court being of the opinion that a decision of the Circuit Court for the District of New Jersey in Rumford Chemical Works v. Hygienic Chemical Company (C. C.) 148 Fed. 862, was controlling upon the question of infringement.

Philip Mauro and C. A. L. Massie, for appellant.

Whitridge, Butler and Rice (W. P. Butler and E. T. Rice, of counsel), for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The defendants charged with infringement are Hygienic Chemical Company of New York, James E. Heller and Adolph Hirsh, the first two defendants contributing to the defense in the so-called test case against the New York Baking Powder Company in which the validity of the Catlin patent was upheld by this court. In that case Heller testified that he was interested in the defense financially and otherwise and that the Hygienic Chemical Company located at Elizabethport, N. J., manufactured acid phosphate for baking powder and other purposes. He testified further as follows:

"We are manufacturers of granulated acid phosphate, and are selling it to the trade in the same way as the parties who are sued in this case, the Provident Chemical Works of St. Louis."

Heller was sworn in the case at bar and says his answers in the former case were true. Whether intended to be so or not, there is no doubt that the suit against the New York Baking Powder Company was, in fact, a test case and is controlling in this court upon all questions there decided. If there were any doubt as to what those questions are we could take judicial notice of the records of our own court for the purpose of informing ourselves, but there is no doubt upon any issue now in controversy.

We are of the opinion that their participation in the defense of the test suit made the defendants, Heller and the New York Hygienic Company, parties privy to that suit and that the testimony of Clotworthy given therein may properly be read against these defendants —Clotworthy having died prior to the hearing. From this testimony it appears that March 13, 1901, the Clotworthy Chemical Company bought of the Hygienic Chemical Company a barrel of special phosphate and paid for it March 25, 1901, the receipt being signed by

the Hygienic Company. It is true that the billhead describes the Hygienic Company as "of New Jersey, Manufacturing Chemists, Offices 62 & 64 William St., New York City." But in view of the undisputed fact that the New Jersey Company manufactured and did not sell and the New York Company sold and did not manufacture, we think enough appeared to put the defendants upon their proof. The presumption is that the sale was made by the New York Company. The defendants say in their brief that:

"The Hygienic Chemical Company of New York is a selling company as distinguished from a manufacturing company, and sells the product of the defendant and of other manufacturers."

Clotworthy testified in the former suit that he was a baking powder manufacturer at Baltimore and that he purchased a barrel or two of granular phosphate from the Hygienic Chemical Company of New York and sold it to the complainant, the price being about $8\frac{1}{2}$ cents per pound for the granular and $5\frac{1}{2}$ cents for the ordinary commercial phosphate.

The Catlin patent was upheld because the inventor had succeeded in getting rid of the fine powder which was supposed to be indispensable to success, and used a powder in a uniformly granulated condition. It is, therefore, the use of such powder which constitutes infringement and when a manufacturer of acid phosphates sells a manufacturer of baking powder a barrel of granular acid phosphate the presumption is not unfair that he expects it to be used for baking powder. There is testimony tending to show that "special" phosphate is specially adapted for use in making baking powder.

It is unnecessary to pursue the subject further, as we are of the opinion, in view of all the facts and circumstances of the case, that a prima facie case of contributory infringement is established. The case differs from the New Jersey suit in the very important particular that the New Jersey corporation made no contribution to the defense of the test case and is not privy thereto.

The incorporation of two companies under the same name has tended to create confusion, but for this the complainant can hardly be held responsible. In the case of Hutter v. Stopper Co., 128 Fed. 283, 62 C. C. A. 652, this court having under consideration a somewhat similar situation said, at page 286 of 128 Fed., page 655 of 62 C. C. A.:

"If the complainant's witnesses were mistaken, a few words of denial would have saved years of protracted and expensive litigation. The fact that no denial was vouchsafed is persuasive that it could not have been made truthfully."

The decree is reversed with costs against the defendants Heller and Hygienic Chemical Company of New York and the cause is remanded to the Circuit Court with instructions to enter a decree against these defendants for an injunction and an accounting with costs.