## SPERRY GYROSCOPE COMPANY *v.* ARMA ENGINEERING COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK.

No. 239. Argued April 15, 1926.—Decided May 24, 1926.

In a suit in the District Court against a private party for infringements of a patent, alleged to have been committed, and to be threatened, by manufacture of the patented articles for and their sale to the United States, the question whether the plaintiff's remedy is confined by the Act of July 1, 1918, to a suit against the United States in the Court of Claims, goes to the merits, and is not a ground for dismissing the bill for want of jurisdiction. P. 234.

Reversed.

APPEAL from a decree of the District Court in a patent infringement suit, dimissing the bill for want of jurisdiction.

*Messrs. D. Anthony Usina* and *Melville Church,* with whom *Mr. Herbert H. Thompson* was on the brief, for appellant.

*Mr. Dean S. Edmonds,* with whom *Messrs. Charles Neave, W. Brown Morton,* and *R. Morton Adams* were on the brief, for appellee.

*Solicitor General Mitchell* and *Messrs. Harry E. Knight* and *Henry C. Workman,* Special Assistants to the Attorney General, filed a brief as *amici curiae,* for the United States.

Mr. Justice McReynolds delivered the opinion of the Court.

Appellant brought suit against the Engineering Company, in the United States District Court for the Eastern District of New York, for damages, profits, etc., on account of the manufacture by it of gyroscopic compasses, covered by patents, for the United States; also for an injunction against further infringements. The allegation which demands special consideration follows—

"That the defendant, well knowing the premises but with intent to injure the plaintiff, to interfere with its business and to deprive it of the profits derived and to be derived from making, using and selling said inventions, has, within the Eastern District of New York and without the license or consent of plaintiff but against its positive protest, made a number of gyroscopic compasses for and sold them to the United States Navy Department under contract with the said Navy Department, subsequent to the dates of said patents and within six years next preceding the filing of this complaint, to wit: during the years 1918 to 1923, all in infringement of the aforesaid Letters Patent; and that defendant is preparing and threatening to infringe said patents more extensively by the manufacture of said infringing apparatus for and its sale to the United States Navy Department under contract with the said Department and thus to inflict further injury, damage and loss upon the plaintiff; but to what extent the defendant has profited by reason of the aforesaid infringement, plaintiff is ignorant and cannot set forth and prays an account thereof."

The contract with the United States is not set forth. Whether it undertook to protect them against claims arising under appellant's patents, or whether the compasses were delivered before or after July 1, 1918, or whether the arrangement necessarily involved an infringement of the patents, does not appear.

The trial court dismissed the bill for lack of jurisdiction, and granted this direct appeal December 30, 1924. Such appeals were permitted by § 238 Judicial Code— " in any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." We are, now, concerned only with the power of the trial court to decide the controversy revealed by the record.

Under § 24 Judicial Code district courts have original jurisdiction—" Seventh. Of all suits at law or in equity arising under the patent, the copyright, and the trademark laws." Appellant charged that the Engineering Company had infringed its patents by making and selling compasses to the United States, under contract, during the years 1918 to 1923, and intended further to infringe by continuing so to do. It asked for damages and an injunction. But for the allegation that the inventions were made and sold under such a contract, this would be but the ordinary patent suit. And so the real question presented is whether that allegation was enough to deprive the District Court of the jurisdiction plainly conferred by § 24.

The Act of June 25, 1910, c. 423, 36 Stat. 851, " to provide additional protection for owners of patents," directed: " That whenever an invention described in and covered by a patent of the United States shall hereafter be used by the United States without license of the owner thereof or lawful right to use the same, such owner may recover reasonable compensation for such use by suit in the Court of Claims."

The Act of July 1, 1918, c. 114, 40 Stat. 704, 705 amended the Act of 1910 to read—

" That whenever an invention described in and covered by a patent of the United States shall hereafter be used or manufactured by or for the United States without

license of the owner thereof or lawful right to use or manufacture the same, such owner's remedy shall be by suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture: *Provided, however,* That said Court of Claims shall not entertain a suit or award compensation under the provisions of this Act where the claim for compensation is based on the use or manufacture by or for the United States of any article heretofore owned, leased, used by, or in the possession of the United States: *Provided further,* That in any such suit the United States may avail itself of any and all defenses, general or special, that might be pleaded by a defendant in an action for infringement, as set forth in Title Sixty of the Revised Statutes, or otherwise; *And provided further,* That the benefits of this Act shall not inure to any patentee who, when he makes such claim, is in the employment or service of the Government of the United States, or the assignee of any such patentee; nor shall this Act apply to any device discovered or invented by such employee during the time of his employment or service."

The argument is that the Act of 1918 deprived the District Court of jurisdiction over the controversy between the present parties because it limited the patent owner's remedy, under circumstances like those here disclosed, to a suit against the United States in the Court of Claims. But we think this contention goes to the merits of the matter, and not merely to the question of jurisdiction. The true intent and meaning of the statute is not free from doubt; but certainly there is nothing therein which shows any clear purpose to take away the power to decide. It became the duty of the court below to consider and determine whether, in the circumstances stated, appellee was relieved of liability and permitted by the statute to do what otherwise would have constituted a

violation of appellant's rights.   There was jurisdiction.
The judgment below must be reversed and the cause re-
manded for further proceedings in conformity with this
opinion.   See *The Pesaro*, 255 U. S. 216; *Smith* v. *Apple*,
264 U. S. 274; *Smyth* v. *Asphalt Belt Ry.*, 267 U. S. 326.

*Reversed.*