**NORTHILL CO., Inc., et al. v. DANFORTH.**

No. 21982–S.

District Court, N. D. California, S. D.

Aug. 28, 1942.

R. Welton Whann, of Los Angeles, Cal., and Wm. S. Graham, of San Francisco, Cal., for plaintiff.

Boyken, Mohler & Gordon and Robert H. Eckhoff, all of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Suit for the infringement of reissue patent (Re. 21,841) granted June 24, 1941, to John K. Northrop and Harry M. Gesner, under which Northill Company, Inc., operates as exclusive licensee. The "invention relates to anchors such as may be used for mooring or holding all types of movable objects, particularly water craft, and more particularly to anchors of the shank and fluke type designed to develop holding power largely independent of the weight of the anchor."

■ Defendant Danforth raises the question of jurisdiction. The accused "Danforth" anchors are now being sold almost exclusively under contract to the Federal Government for use by the Army, Navy and Coast Guard. He cites 35 U.S.C.A. § 68, which provides that whenever an invention covered by a patent of the United States shall be used or manufactured by or for the United States without license of the owner thereof, etc., such owner's remedy shall be by suit against the United States in the Court of Claims, etc., and no injunction shall issue. It is agreed by the parties that no claim of any kind is being made against the United States, that no injunction is being sought against the Government, and that the suit relates solely to civilian activities.

■ Defendant contends that he did not make the accused anchors, he merely designed them; that he did not use the anchors except for experimental purposes; that he vends or sells anchors made by others; and that there is not sufficient evidence of civilian sales to make a prima facie case. He cites 35 U.S.C.A. § 40, which provides in part: "Every patent shall contain * * * a grant to the patentee * * * of the exclusive right to make, use, and vend the invention * * *." Conversely, it is well settled that to prove infringement the patentee must show that the defendant made, used or sold the patented article without authority from the patentee. 48 C.J. § 493, p. 294.

■ The evidence shows that the defendant's anchors were commercially sold in 1939 "and continuously thereafter." Defendant testified that the month before the trial 99.41% of his sales of anchors were to the Government. This is an admission that .59% of his sales were to civilians. The case is not within the "de minimis" doctrine, for there is no evidence that these percentages will remain static during the life of the patent. Defendant described himself as one who manufactures and sells anchors. He testified that he had no foundry and that the anchors were manufactured by various foundries. He furnished the patterns from which the anchors were made; he sent an inspector to a foundry where the anchors were being forged; his name is stamped on the anchors; he applied to the Government for "priorities" to get materials for the anchors. It clearly appears from his testimony that the anchors were made at his direction and for his benefit, and that the foundries acted as his agents and employees for the purposes of such manufacture.

■■ Defendant testified that he used the anchors for experimental purposes since the reissue date of the Northill patent, but contends that such use does not constitute an infringement. It has been held that an experimental use for philosophical or amusement purposes is not an infringement, but that where experiments are made commercially, such experimentation may be an infringement. 48 C.J. § 496, p. 296. Defendant's experiments were evidently not made for philosophical or amusement purposes but were made in connection with his business as a manufacturer and salesman of anchors.

■ Although there is no evidence of a sale by defendant to a civilian within this District since the reissue date of the Northill patent, there is sufficient evidence of the manufacture and use by defendant of the accused anchors to give this court juris-

930

diction to decide the question of infringement.

The Northill anchor may be briefly described as a folding "kedge" type anchor with fixed fluke arms. The Danforth anchor is a "Navy" type anchor with a pivoted fluke arm. Plaintiffs do not claim that defendant's anchor follows the specifications contained in their reissue patent, but state that the holding power of their anchor results from certain angular relationships taught in the reissue patent, and that defendant has embodied these angles in his anchor. They rely on the doctrine of equivalents. It is settled that "a primary, generic, or pioneer patent is entitled to a broad range of equivalents, while a secondary or improvement patent is accorded a more narrow and restricted range proportioned to the advance which it makes in the art." 48 C.J. § 509, p. 311. The Patent Office found that the Northill anchor contained sufficient improvement over the prior art to entitle the inventors to a patent. The anchor has been commercially successful. I find that the patent is valid. I further find that it is an improvement in an ancient and crowded art, entitled to a narrow and restricted range, and that the patentees should be limited to the claims contained in their reissue patent. I find that there is a substantial difference between the plaintiffs' invention and the Danforth anchor, and that therefore there is no infringement.

At the trial plaintiffs offered in evidence the deposition of Paul M. Prutzman, one of defendant's patent attorneys. An objection was made by defendant to its admission, and the Court reserved its ruling until final decision. It is therefore

Ordered:

1. Plaintiffs may have judgment that Reissue Patent No. 21841, granted June 24, 1941, is valid.

2. Defendant may have judgment that none of the claims contained in plaintiffs' reissue patent have been infringed by him, that the accused Danforth anchor is not within the claims contained in plaintiffs' reissue patent, and for his costs of suit.

3. Defendant's objection to the admission in evidence of Prutzman's deposition is overruled.

Counsel for defendant may submit findings of fact and conclusions of law under the rules.