## TINNERMAN PRODUCTS, Inc., v. ADEL PRECISION PRODUCTS CORPORATION.

### Civil Action No. 285.

District Court, S. D. West Virginia.

Sept. 22, 1945.

Albert R. Teare, of Cleveland, Ohio, and C. W. Strickling, of Huntington, W. Va. (Bates, Teare & McBean, of Cleveland, Ohio, and Fitzpatrick, Strickling & Marshall, of Huntington, W. Va., on the brief), for plaintiff.

Helge C. Dieserud, of New York City, and Harry Scherr, of Huntington, W. Va. (Fish, Richardson & Neave, of New York City, and Vinson, Thompson, Meek & Scherr, of Huntington, W. Va., on the brief), for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks an injunction, an accounting and damages for infringement of two patents for snap clips or clamps, used primarily to fasten a bundle of wires to the frame of an airplane. The damages claimed relate to alleged infringements at defendant's plant at Huntington, W. Va., from the date of issuance of such patents. (January 11, 1944 and February 1, 1944, respectively) to January 8, 1945, when this action was instituted.

The defendant has appeared specially and moved to dismiss the complaint because of (1) lack of jurisdiction over the subject matter of the controversy, and (2) lack of venue. Both grounds for dismissal relate to Title 35, Sec. 68, U.S.C.A., which provides, in part, as follows:

"Whenever an invention described in and covered by a patent of the United States shall hereafter be used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, such owner's remedy shall be by suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. * * *"

Defendant says that all accused clips which it made at Huntington were "used or manufactured" "for the United States" within the intent and meaning of Section 68, and that this action must be brought against the United States in the Court of Claims. It says that Sec. 68 deprives this court of jurisdiction over the subject matter of this controversy, and gives the Court of Claims exclusive jurisdiction thereof.

As to lack of venue, the defendant points out that the complaint alleges plaintiff to be an Ohio corporation and defendant to be a California corporation, with its principal place of business at Burbank, Califor-

nia, but having an established place of business at Huntington, W. Va., where defendant is charged with infringement of both patents. Jurisdiction over the defendant is alleged under Section 48 of the Judicial Code, 28 U.S.C.A. § 109, which requires that patent infringement suits be brought in the district of which the defendant is an inhabitant or * * * "in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business." Since defendant is a California corporation, venue must be founded on the quoted provision of the statute. Defendant urges, therefore, that to establish venue in this court, plaintiff must show that defendant not only has a regular and established place of business, but also has committed at least one act of infringement within this district. It contends that such act of infringement must be an actionable one; and that by virtue of Title 35, Section 68 U.S.C.A., its manufacture and sale of the accused clips for the United States Army and Navy could not and did not constitute an actionable infringement within this district as required under Section 48 of the Judicial Code. It says that to establish venue in this district it is necessary for plaintiff to show the manufacture or sale of at least one clamp which was not used or manufactured for the United States.

Both parties took extensive affidavits and depositions upon the motion to dismiss, particularly with reference to whether the clips made at Huntington were used or manufactured by or for the United States within the meaning of Sec. 68. After a full hearing, the motion was submitted for decision.

▆▆▆ A careful consideration of the motion and a study of the controlling authorities convince me that the motion to dismiss should be overruled for procedural reasons. Section 68 does not deprive this court of jurisdiction, but only operates as a defense to the relief sought. It is a matter of defense whether raised on the question of venue or jurisdiction. The controlling authority is Sperry Gyroscope Co. v. Arma Engineering Co., 271 U.S. 232, 46 S.Ct. 505, 506, 70 L.Ed. 922. There a patent owner sued the manufacturer of gyroscopic compasses, alleging infringement, and further alleging that they were made by defendant for, and sold to, the United

States Navy. Defendant moved to dismiss the complaint for lack of jurisdiction by reason of Sec. 68, Title 35 U.S.C.A. The District Court granted the motion and dismissed the bill for want of jurisdiction. By virtue of Section 238 of the Judicial Code, 28 U.S.C.A. § 345, as it then read, a direct appeal was had to the Supreme Court. The Supreme Court reversed the District Court, and said:

"The argument is that the act of 1918 [35 U.S.C.A. § 68] deprived the District Court of jurisdiction over the controversy between the present parties, because it limited the patent owner's remedy, under circumstances like those here disclosed, to a suit against the United States in the Court of Claims. But we think this contention goes to the merits of the matter, and not merely to the question of jurisdiction. The true intent and meaning of the statute is not free from doubt; but certainly there is nothing therein which shows any clear purpose to take away the power to decide. It became the duty of the court below to consider and determine whether, in the circumstances stated, appellee was relieved of liability and permitted by the statute to do what otherwise would have constituted a violation of appellant's rights. There was jurisdiction. The judgment below must be reversed, and the cause remanded for further proceedings in conformity with this opinion."

This case has never been reversed. It was referred to in Broome v. Hardie-Tynes Mfg. Co., 5 Cir., 92 F.2d 886, 887, as holding that Section 68 "does not deprive the District Court, as a federal court, of jurisdiction, but only operates as a defense." In that case, the defendant raised the exclusive jurisdiction of the Court of Claims by answer, in which it also denied infringement and put the validity of the patent in issue. The District Court was of opinion that the defense raised by Section 68 should be tried first, heard the evidence upon this defense, determined it in favor of defendant and dismissed the bill. Upon appeal it was contended that the District Court gave effect to the statute as a jurisdictional bar, and that, instead of hearing the whole cause on its merits, including the issue of exclusive remedy thus raised, the case was dismissed for want of jurisdiction in contravention of the practice approved in the Sperry case. The appellate court said:

"We think there could be no merit in this contention. If sustained, it would re-

quire the laborious and tedious process of trying a patent suit, only to dismiss it at the end because plaintiffs' remedy lies in some other court. Without regard to what defendant may have called its plea, the District Judge did not determine it as one going to its jurisdiction to hear the cause, but as one going to the right of plaintiffs to the relief they sought. He disposed of it on that basis. As shown in his full findings of fact and conclusions of law, followed by an opinion and final decree, the court took full jurisdiction of the cause, and, having done so, proceeded to try independently of other matters of defense, the fundamental defense that plaintiffs' sole remedy was in the Court of Claims. Having determined that, because of the statute providing an exclusive remedy in the Court of Claims, plaintiffs were without remedy in the District Court, he dismissed the bill."

The same procedure was followed by the District Court in Hazeltine Corporation v. General Electric Co. et al., D.C.Md., 19 F. Supp. 898, where, as here, both Section 48 of the Judicial Code and Section 68 of Title 35 U.S.C.A. were relied upon. General Electric Company appeared specially and moved to dismiss the complaint on the ground that it was not an "inhabitant" of the district, and had committed no acts of infringement within the district where sued. Since the complaint alleged that defendant had committed acts of infringement within the district, the trial court denied the motion to dismiss the complaint and gave defendant leave to answer, in which defendant again raised the same issues relating to exclusive jurisdiction in the Court of Claims as to property used or manufactured for the United States, and that defendant had committed no act of infringement within the district. These defenses were heard separately and both being decided in favor of defendant, the suit was dismissed.

■ I am not unmindful of the fact that these cases were all decided prior to the adoption of the Federal Rules of Civil Procedure, and that Rule 12(b), 28 U.S.C.A. following section 723c, permits a defendant to raise questions of lack of jurisdiction over the subject matter and improper venue by motion prior to answer. But the Supreme Court has squarely held that Section 68 does not raise a question of jurisdiction, but raises a defense as to the right of plaintiff to the relief sought.

Such a defense is not one of the six defenses enumerated in Rule 12(b) which may be raised by motion in advance of answer. By analogy it would seem that Section 68 does not raise a question of improper venue.

■ Since the courts have held that Section 68 does not deprive this court of jurisdiction, but only operates as a defense, it would seem that the motion to dismiss for lack of jurisdiction and venue should be overruled, with leave given to defendant to answer, in which it may set up the defenses raised by its motion to dismiss. When answer is filed, counsel may submit these preliminary issues for decision upon the evidence already taken, or may take additional evidence thereon, whereupon this court will proceed to pass upon such defenses in advance of a hearing upon other defenses, if any, raised by the answer. It should be understood, however, that the motion to dismiss is overruled for reasons of procedure, and that I have not yet considered the merits of the matters raised insofar as they may or may not constitute defenses to this action. I have not considered the merits because I am of opinion that these matters can only be raised by answer, and can not be raised by motion under Rule 12(b).

An order may be entered in accordance with the views herein expressed.