J. & G. DEVELOPMENT COMPANY, Inc., and the Filtron Company, Inc., Plaintiffs,

v.

ALL-TRONICS, INC., Defendant.

Civ. No. 19139.

United States District Court
E. D. New York.

Oct. 18, 1961.

Kane, Dalsimer and Kane, New York City, for plaintiffs; David S. Kane, Haynes N. Johnson, S. C. Yuter, New York City, of counsel.

Brumbaugh, Free, Graves & Donohue, New York City, for defendant; Walter H. Free, John F. Neary, Jr., New York City, of counsel.

ZAVATT, District Judge.

Plaintiffs J. & G. Development Co., Inc. allege that United States Letters Patent No. 2,835,874 was duly issued under the joint application of Marvin H. First and Leonard Milton on May 20, 1958 for an invention in "Electrical Interference Suppression Filters" and that such patent was duly assigned to plaintiff J. & G. Development Co. Plaintiff Filtron Co. is alleged to be the exclusive licensee of J. & G. Development Co. under this patent. Defendant is accused of infringing the said letters patent by making, selling, and using the electrical interference suppression filter embodied in the said letters patent.

In its answer defendant avers that every device sold by defendant which could possibly be construed to infringe the claims of the patent in suit was sold to a Government contractor for installation in equipment intended for delivery to the United States Government. Accordingly, defendant contends that, under 28 U.S.C. § 1498 plaintiffs' sole remedy is a suit against the United States in the Court of Claims.

To remedy this defect at the trial plaintiff sought leave to serve a supplemental

complaint similar to the original in all respects except that, being dated September 26, 1961, its allegations included a sale of eight filter units, apparently of the type alleged to be infringing, made on December 1, 1959 to Southwestern Industrial Electronics, Houston, Texas which is not contended to be a Government contractor or subcontractor in respect to the device in question. The total price of the eight filter units, including transportation was $124.03. Transcript p. 12. Defendant offered no objection to the service of the supplemental complaint and the court accordingly permitted its service at the trial in harmony with the liberal practice of pleading under the Federal Rules of Civil Procedure. See 3 Moore, Federal Practice 857–61 (2d ed. 1948).

At the trial the court heard testimony directed to the validity of the patent comprising some one hundred and five pages of the transcript, after which it appeared doubtful that the court had jurisdiction and the trial was temporarily adjourned so that counsel could submit briefs on the question.

Plaintiffs now contend that 28 U.S.C. § 1498 provides only an affirmative defense and that the existence of even one uncontested non-governmental sale gives this court full power to hear and determine all the issues in an infringement suit. Defendant contends that the burden of proof of jurisdiction rests on the plaintiffs and, were the court to find that, with one exception, all defendant's sales were to the Government, its contractors, and subcontractors the suit should be dismissed since plaintiff's sole remedy would be a suit against the United States in the Court of Claims. Defendant would have the court disregard the one non-governmental sale under the maxim de minimis non curat lex, contending either that because of the trifling nature of the sale the court does not have jurisdiction or, if it does, that in its discretion it should refuse to exercise it.

The governing statute, 28 U.S.C. § 1498 provides in part that:

"Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture."

The legislative history and purpose of § 1498 is discussed in the course of the opinion of Chief Justice Taft in Richmond Screw Anchor Co. v. United States, 1928, 275 U.S. 331, 341–44, 48 S.Ct. 194, 72 L.Ed. 303. The predecessor of the present 28 U.S.C. § 1498 was enacted in 1918 to nullify the decision of the Supreme Court in Cramp & Sons Ship & Engine Building Co. v. International Curtis Marine Turbine Co., 1918, 246 U.S. 28, 42, 45, 38 S.Ct. 271, 62 L.Ed. 560 in which the original version of current § 1498 was held not to protect Government contractors from interference through litigation by the patentee.

"The purpose of the amendment was to relieve the contractor entirely from liability of every kind for the infringement of patents in manufacturing anything for the government, and to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. * * * As the Solicitor General says in his brief with respect to the act, it is more than a waiver of immunity and effects an assumption of liability by the government." 275 U.S. at pages 344–45, 48 S.Ct. at page 197.

It is clear that, insofar as sales to Government contractors and subcontractors are established, this court is without power to grant a remedy in this type of suit.

Prior to Richmond Screw Anchor decision, supra, the Supreme Court had occasion to consider the effect of the

predecessor of § 1498 on the jurisdiction of the district court where defendant contended its sales were governmental in nature. In Sperry Gyroscope Co. v. Arma Engineering Co., 1926, 271 U.S. 232, 46 S.Ct. 505, 70 L.Ed. 922 the court held that such a contention was to be treated as an affirmative defense, rather than as a jurisdictional bar. The lower courts, faced with the necessity of holding tedious trials only to dismiss actions at the conclusion thereof if this affirmative defense were sustained, have followed the practice of hearing this defense first and then dismissing the action if it is established. Broome v. Hardie Tyne Mfg. Co., 5 Cir., 1937, 92 F.2d 886; Tinnerman Products Co. v. Adel Precision Products Inc., D.C.S.D.W.Va.1945, 62 F. Supp. 348; Hazeltine Corp. v. General Electric Co., D.C.Md.1937, 19 F.Supp. 898. Such initial determination of the defense has been held not to contravene the holding of the Sperry case, supra, which made defenses raised under what is now § 1498 a matter of defense. Broome v. Hardie Tyne Mfg. Co., supra. However, it has been held that, where it is the Government itself which is alleged to have infringed the patent in question, § 1498 deprives the district courts of jurisdiction. Identification Devices v. United States, 1941, 74 App.D.C. 26, 121 F.2d 895 certiorari to D.C. Cir. denied, 1941, 314 U.S. 615, 62 S.Ct. 63, 86 L.Ed. 495, leave to appeal denied, 1942, 315 U.S. 779, 62 S.Ct. 485, 86 L.Ed. 1187. Where there is no real dispute as to the fact that ultimate use by or manufacture for the United States encompasses all possible acts of infringement the court may grant a motion for summary judgment. Bereslavsky v. Esso Standard Oil Co., 4 Cir., 1949, 175 F.2d 148. If the complaint itself alleges that sales to the Government are the infringing acts complained of that part of the complaint will be stricken on motion. See Dearborn Chem. Co. v. Arvey Corp., D.C.N.D.Ill. 1953, 114 F.Supp. 369.

Here, however, the court is presented with the additional question of whether the one admitted non-Governmental sale is sufficient to confer jurisdiction on this court in the event that defendant establishes that the remainder of its sales were to Government contractors and subcontractors for installation in Government equipment.

■■ While in patent infringement cases generally one minor sale may be sufficient to establish a prima facie case, United Shirt & Collar Co. v. Beattie, 2 Cir., 1907, 149 F. 736, certiorari denied, 1907, 205 U.S. 547, 27 S.Ct. 795, 51 L.Ed. 924; Rumford Chem. Works v. Hygienic Chem Co., 2 Cir., 1908, 159 F. 436, affirmed in part, reversed in part, 1909, 215 U.S. 156, 30 S.Ct. 45, 54 L.Ed. 137; Hutter v. DeQ. Bottle Stopper Co., 2 Cir., 1904, 128 F. 283; the reasoning of those cases is not necessarily controlling where as here plaintiffs' real remedy may be a suit before the Court of Claims against the Government, which cannot be a party to this suit. But see Neff Instrument Corp v. Cohu Electronics, Inc., 9 Cir., 1959, 269 F.2d 668, 672 (dictum). The application of the de minimis rule cannot be determined in this case without a full inquiry into the pertinent factors as set forth in the cases dealing with the problem. Thus it will be necessary to consider whether or not the defendant may have used the article in its own business without the knowledge or consent of the Government or its contractors. Wood v. Atlantic, Gulf & Pacific Co., D.C.S.D.Ala.1925, 296 F. 718 (use of one machine on Government contract without Government knowledge or consent held infringement.) The relative percentages of governmental and non-governmental sales and the dollar amounts involved are also important. If both the percentage of non-governmental sales and the dollar amount involved is inconsequential defendant will still have to establish that they will remain so over the life of the patent. Northill Co. v. Danforth, D.C.N.D.Cal.1942, 51 F.Supp. 928, modified on other grounds, 9 Cir., 1944, 142 F.2d 51 (de minimis not applicable where only .59 per cent of sales were non-governmental since there was no evidence such percentages would remain static over the life of the patent.) While as of the date of trial defendant

may have made only one non-governmental sale, its sales activities in relation to the article in question are relevant insofar as they may tend to show a threat of future infringement. Thus if there should be evidence that defendant has advertised or offered the article for sale to the general public in its catalog, in trade journals or otherwise, or has displayed it in its showrooms or at trade shows with such intent these would be relevant considerations. On the other hand the nature of the article itself, if it be shown to be suited only for governmental or defense purposes might be such as to negate any threat of future civilian sales. Neff Instrument Corp. v. Cohu Electronics, Inc., 9 Cir., 1959, 269 F.2d 668, (de minimis not applicable where ten or fourteen of forty-two sales were non-governmental.) Thus if the defendant can establish that the non-governmental sale was so unusual that it will not be repeated in quantities not de minimis, that it has no intention to sell the article in question to non-governmental buyers, and that it has not sought such sales, it is likely that the de minimis maxim would be invoked. Since the Sperry case, supra, clearly makes § 1498 an affirmative defense it appears that the applicability of de minimis should also be so treated since defendant is only expanding on his reliance of § 1498 by saying that the non-governmental sale was so trivial that it should be disregarded.

The decision of this court is that this case shall proceed to trial with the defenses of § 1498 and de minimis to be heard and determined first. If the court then finds those defenses to be established the case will be dismissed, otherwise the trial will proceed on the merits. Due to calendar assignments I will not be able to hear the case until December when I will again be in Trial Term. Therefore, in view of the readiness of counsel it is hoped that my associate in charge of Trial Term Part I during November will consider this case as being at the top of his calendar and will assign it the earliest possible trial date.

This is an order.