**TM PATENTS, Plaintiff,**

v.

**IBM, Defendant.**

**No. 97 CIV. 1529(CM)(MDF).**

United States District Court, S.D. New York.

July 28, 2000.

Stephen B. Judlowe, Hopgood, Calimafde, Kalil & Judlowe, L.L.P., New York, NY, for TM Patents.

Christopher A. Hughes, Morgan & Finnegan, L.L.P., New York, NY, for IBM.

## DECISION AND ORDER DISPOSING OF ALL PENDING MOTIONS

McMAHON, District Judge.

The various pending motions are disposed of as follows:

1. TM's motion for Leave to Rely on the Statement of Ethan Miller is granted, and IBM's cross-motion to strike the statement is denied.

2. IBM's motion for summary judgment relating to the '342 patent is denied, on the ground that there are myriad disputed issues of material fact, almost all of them concerning the question of substantial equivalence under the Doctrine of Equivalents. As a jury has been demanded, only a jury can resolve the conflicting views of the experts in this non-obvious and extremely complicated patent dispute. "Summary judgment is as available in patent cases as in other areas of litigation." *See Continental Can Co. v. Monsanto Co.,* 948 F.2d 1264, 1265 (Fed.Cir.1991) (citation omitted); *see also Bayer AG v. Elan Pharmaceutical Research Corporation,* 212 F.3d 1241 (Fed.Cir.2000); *Vivid Techs., Inc. v. American Science & Eng'g, Inc.,* 200 F.3d 795 (Fed.Cir.1999). However, I tend to agree with those of my confreres who have held that, in general, summary judgment is appropriate only in cases where the technology at issue is relatively simple and straightforward. *See Amhil Enterprises, Ltd. v. Wawa, Inc.,* 81 F.3d 1554 (Fed.Cir.1996) (holding that summary judgment was appropriate because no genuine issue of material fact existed and no expert testimony was required to explain the nature of the patented invention, but observing that District Courts should approach summary judgment motions in patent cases with great care); *Palumbo v. Don–Joy Co.,* 762 F.2d 969 (Fed.Cir.1985). *See also,* e.g., *C–Thru Products, Inc. v. Uniflex, Inc.,* 262 F.Supp. 213 (E.D.N.Y.1966) (holding that motions for summary judgment in patent cases must be considered with unusual caution), *aff'd,* 397 F.2d 952 (2nd Cir.1968); *Servaas & Co. v. Dritz,* 185 F.Supp. 61 (S.D.N.Y. 1960). The '342 patent and the allegedly infringing products can hardly be so described. And I indicated the inappropriateness of summary judgment on the issues raised by the '342 patent in my *Markman* decision—or, at least, I thought I did.

3. The court orders a half-day hearing on the parties' cross motions for summary judgment relating to the '773 patent. The hearing will take place on September 21 at 1 PM. If, however, there is any scheduling conflict due to a criminal trial, we will proceed the following day, again at 1 PM. Each side will have 2 hours to present its side of the matter.

4. IBM's motion for summary judgment on the issue of its liability for sales made to the United States Government is denied. While IBM is correct that the Federal Circuit's decision in *Manville Sales Corp. v. Paramount Systems, Inc.,* 917 F.2d 544 (Fed.Cir.1990) is not binding on this Court, IBM is wrong to argue that the decision of another judge of this Court in *Serra v. United States General Services Administration,* 667 F.Supp. 1042 (S.D.N.Y.1987) is binding on this Court. Only decisions of the United States Supreme Court and the *relevant* Courts of Appeals are binding on a District Court, and as neither the Supreme Court nor the Second Circuit has ever construed 28 USC § 1498, there is no *binding* authority for me to follow, only *persuasive* authority. And as to that, I find *Manville,* as well as

the various cases (both pre- and post-*Man-ville* ) that reach the same result,[1] far more persuasive than those courts that have concluded that a District Court has no jurisdiction under § 1498 to entertain a claim for damages against a private party (as opposed to the United States) relating to sales made to the Government.[2] In a suit between private parties, § 1498 is available to defendants as an affirmative defense, but is not a jurisdictional bar.

Having decided that § 1498 applies in this case and that it establishes an affirmative defense as to private defendants, there remains the question of whether this Court will allow IBM to amend its complaint to assert that affirmative defense, or whether this Court will grant TM's in limine motion to prevent IBM from asserting just such a defense. After carefully reviewing the procedural history up to this point, as well as the briefs on both sides, I find that TM would not be prejudiced if IBM were allowed to amend its answer to assert a § 1498 affirmative defense, even though discovery has long since closed.[3] Frankly, I find TM's assertion that it would have altered its discovery strategy had it been made aware of IBM's assertion of a § 1498 affirmative defense to be ludicrous. We are not talking about an issue of infringement, but of damages. IBM can proffer an accounting for its Government sales at

the same time it files its amended answer, which shall be within 30 days of the date of this opinion. In view of the unsettled state of the law on this issue, IBM's adoption of the position that it viewed as favorable to itself, and its decision to raise the issue as a Rule 12(b)(1) motion for lack of jurisdiction over the subject matter, was not unreasonable (imprudent, perhaps, but not unreasonable). Therefore, TM's motion in limine to prevent IBM from asserting a defense under § 1498 is denied and the amendment is allowed.

5. TM's motion for sanctions as per Fed.R.Civ.P. 37(b) and/or (d) is referred to Magistrate Judge Fox, who handled the discovery and who is uniquely positioned to decide whether sanctions relating to discovery are warranted.

6. IBM's motion for summary judgment on liability for foreign sales is deferred until trial. TM recognizes that it is not allowed to recover twice for a single instance of infringement. The Court cannot ascertain whether TM is trying to obtain double recovery until the evidence comes in. Thus, this motion is premature.

7. The parties are directed to appear for a final pre-trial conference on December 1 at 2 PM. Jury selection will commence on January 8, 2001.

1. *See Sperry Gyroscope Co. v. Arma Engineering Co.,* 271 U.S. 232, 46 S.Ct. 505, 70 L.Ed. 922 (1926) (holding the precursor statute to § 1498 to be non-jurisdictional as to private defendants, merely establishing an affirmative defense); *Williams v. Columbia Broadcasting Systems, Inc.,* 57 F.Supp.2d 961 (C.D.Cal. 1999) (surveying the caselaw and holding that § 1498 is jurisdictional as to governmental defendants and, in the case of private defendants, establishes an affirmative defense that must be timely asserted).

2. *See Croll–Reynolds Co. v. Perini–Leavell–Jones–Vinell,* 399 F.2d 913 (5th Cir.1968) (holding that the accused item was used by the government under an older version of § 1498 and that, therefore, the only remedy was a suit against the United States in the Court of Claims (now the Court of Federal Claims)), *cert. denied,* 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *Bereslavsky v.*

*Esso Standard Oil Co.,* 175 F.2d 148 (4th Cir.1949) (holding that, given the version of § 1498 then in place, the government's authorization and consent to allegedly infringing manufacture formed a basis for a transfer of jurisdiction from the District Court to the Court of Claims (now the Court of Federal Claims)); *Croydon Co., Inc. v. Unique Furnishings, Ltd.,* 831 F.Supp. 480 (E.D.N.C. 1993) (holding § 1498 to be jurisdictional regardless of defendant type); *Auerbach v. Sverdrup Corp.,* 829 F.2d 175 (D.C.Cir.1987) (same).

3. The Federal Rules of Civil Procedure allow amendment of an answer either within 20 days of service (not the case here), with written consent of an adverse party (also not the case here), or by leave of court. *See* Fed. R.Civ.P. 15(a). The Rules further state that leave shall "freely be given as justice so requires." *Id.*

This constitutes the decision and order of the Court.