**TOXGON CORPORATION,**
**Plaintiff–Appellant,**

v.

**BNFL, INC., Defendant–Appellee,**

**and**

**GTS Duratek (now known as Duratek, Inc.), Defendant–Appellee.**

No. 02–1302.

United States Court of Appeals,
Federal Circuit.

Dec. 10, 2002.

**1380**

Floyd L. Newland, Karr Tuttle Campbell, of Seattle, WA, argued for plaintiff-appellant.

Robert C. Curfiss, Jackson Walker, L.L.P., of Houston, TX, argued for defendants-appellees. With him on the brief was H. Victor Thomas.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

CLEVENGER, Circuit Judge.

This appeal requires that we apply once again settled precedent from the Supreme Court regarding 28 U.S.C. § 1498(a). Toxgon Corporation ("Toxgon") claims that the district court erroneously dismissed its patent infringement action against BNFL, Inc., and GTS Duratek (collectively, the "Defendants") for lack of subject matter jurisdiction. Because we determine that the district court did not apply the correct controlling law, we vacate the trial court's order dismissing Toxgon's lawsuit and remand for proceedings consistent with this opinion.

I

In 1998, BNFL, Inc. ("BNFL") entered into a fixed price contract with the Department of Energy ("DOE") to develop a process for treating and immobilizing certain radioactive wastes from the Hanford, Maryland, nuclear site. As provided by the contract, GTS Duratek ("Duratek") was a designated subcontractor to BNFL.

Because the necessary technology for treating and removing radioactive material was not available, the contract provided for a twenty-month period for the development of that technology. In due course, BNFL and Duratek developed a process that included the use of a "pilot melter," which is a single-chamber vitrification system that converts nuclear waste into glass.

In a complaint filed on May 30, 2000, Toxgon alleged that the Defendants' use of the pilot melter infringed U.S. Patent No. 4,299,611 (issued Nov. 10, 1981). In response, the Defendants moved to dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In their motion to dismiss, the Defendants asserted that any alleged infringement occurred "under the authority of and for the sole benefit of the United States," requiring that the litigation proceed in the Court of Federal Claims under 28 U.S.C. § 1498(a). After reviewing the parties' briefings and related declarations, the district court granted the motion to dismiss.

Toxgon filed an appeal to the Court of Appeals for the Ninth Circuit, which subsequently transferred this case to us pursuant to 28 U.S.C. § 1631. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

■ We review a dismissal for lack of subject matter jurisdiction according to regional circuit law, since it is a procedural question not unique to patent law. *Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir.2002) (citing *Molins PLC v. Quigg*, 837 F.2d 1064, 1066, 5 USPQ2d 1526, 1527

(Fed.Cir.1988)). The Court of Appeals for the Ninth Circuit reviews *de novo* a dismissal under Federal Rule of Civil Procedure 12(b)(1). *La Reunion Francaise SA v. Barnes,* 247 F.3d 1022, 1024 (9th Cir. 2001) (citing *Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000)). The district court's conclusion that it lacks subject matter jurisdiction is also reviewed *de novo. Ip v. United States,* 205 F.3d 1168, 1170 (9th Cir.2000) (citing *Cent. Green Co. v. United States,* 177 F.3d 834, 835 (9th Cir. 1999)). The *de novo* standard controls because the existence of subject matter jurisdiction is a question of law. *Harden v. Roadway Package Sys., Inc.,* 249 F.3d 1137, 1140 (9th Cir.2001); *see also Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d 544, 554, 16 USPQ2d 1587, 1595 (Fed.Cir.1990) ("We review questions concerning subject matter jurisdiction . *de novo.*").

## III

### A

■ In this appeal, we must decide whether the district court properly concluded that section 1498(a) deprived it of jurisdiction over this action. Section 1498(a) provides in relevant part:

Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture . . . .

For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498(a) (2000). In addition to restricting suit against the United States to monetary compensation for infringing uses, section 1498 relieves a federal contractor of liability where the contractor uses or manufactures an infringing invention for the United States. *Richmond Screw Anchor Co. v. United States,* 275 U.S. 331, 343, 48 S.Ct. 194, 72 L.Ed. 303 (1928) (explaining that "[t]he purpose of the amendment was to relieve the contractor entirely from liability of every kind for the infringement of patents in manufacturing anything for the Government"). This suit involves a patentee's infringement allegations brought against a federal contractor rather than against the United States.

In such litigation between private parties, this court has long complied with Supreme Court precedent holding that section 1498(a) acts "as a codification of a defense and not as a jurisdictional statute." *Manville,* 917 F.2d at 554, 16 USPQ2d at 1595 (citing and explaining *Sperry Gyroscope Co. v. Arma Eng'g Co.,* 271 U.S. 232, 235–36, 46 S.Ct. 505, 70 L.Ed. 922 (1926)). In other words, section 1498(a) is an affirmative defense rather than a jurisdictional bar. *Crater Corp. v. Lucent Techs. Inc.,* 255 F.3d 1361, 1364, 59 USPQ2d 1044, 1045 (Fed.Cir.2001) ("In addition to giving the United States Court of Federal Claims exclusive jurisdiction over patent infringement suits against the government, § 1498(a) also provides 'an affirmative defense for applicable government contractors.'" (quoting *Va. Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 869, 45 USPQ2d 1225, 1232 (Fed.Cir.1997))).

We have reemphasized and applied that settled rule in two recent cases. *See Madey,* 307 F.3d at 1359–60 (reversing district court's dismissal for lack of subject matter jurisdiction because it erroneously believed that section 1498(a) was jurisdictional); *Crater,* 255 F.3d at 1369, 59 USPQ2d at 1049 (determining that the district court had jurisdiction over a patent infringement suit despite dismissal under section 1498(a)). Like the trial courts in *Madey* and *Crater,* the district court in this case erroneously concluded that it lacked subject matter jurisdiction and improperly dismissed the action under section 1498(a). As we did in those two cases, we must correct the district court's mistaken application of settled precedent.

Indeed, as the Supreme Court held in *Sperry* and as we underscored in *Manville,* section 1498(a) does not deprive a district court of jurisdiction. *Sperry,* 271 U.S. at 235–36, 46 S.Ct. 505; *Manville,* 917 F.2d at 554, 16 USPQ2d at 1595–96. Although the Defendants invite us to follow obsolete rules adopted by other circuits, *see, e.g., Croll–Reynolds, Co. v. Perini–Leavell–Jones–Vinell,* 399 F.2d 913, 915, 159 USPQ 518, 519–20 (5th Cir.1968) (finding that section 1498(a) creates a jurisdictional bar), we are bound by the holdings of the Supreme Court and by our own precedent in substantive matters, such as patent law, committed to our exclusive jurisdiction. *See Biodex Corp. v. Loredan Biomedical, Inc.,* 946 F.2d 850, 855–56, 20 USPQ2d 1252, 1257–58 (Fed.Cir.1991). We therefore hold that the district court has jurisdiction over this matter.

Since section 1498(a) is an affirmative defense rather than a jurisdictional bar, the district court cannot dismiss this action under Federal Rule of Civil Procedure 12(b)(1). If appropriate, a defense arising under section 1498(a) should be resolved by summary judgment under Rule 56 rath-

er than a motion to dismiss under Rule 12. *See Crater,* 255 F.3d at 1364, 59 USPQ2d at 1046 (explaining that "dismissal of a lawsuit against a private party pursuant to § 1498(a) is a dismissal because of the successful assertion of an affirmative defense rather than a dismissal because of the district court's lack of subject matter jurisdiction over the patent infringement claim") (citations omitted). Consequently, we vacate the order dismissing the complaint for lack of jurisdiction.

### B

Although the dismissal was legally incorrect, BNFL and Duratek argue that the district court's ruling may nonetheless be harmless error if there is sufficient evidence in the record to grant summary judgment in their favor on a section 1498(a) affirmative defense. To support this argument, they cite *Crater,* 255 F.3d at 1369, 59 USPQ2d at 1049 (affirming dismissal of infringement claim because, although the district court improperly dismissed the case, summary judgment on such affirmative defense was proper under the facts of that case).

The procedural posture in *Crater,* however, differs from the present case. *Crater* involved a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Id.* at 1366, 255 F.3d 1361, 59 USPQ2d at 1047. Under that rule, when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1164, 26 USPQ2d 1038, 1044 (Fed.Cir. 1993) ("Rule 12(b)(6) provides that if matters outside the complainant's pleading are presented to the court the motion shall be treated as one for summary judgment un-

der Rule 56."). The court in *Crater* was thus justified in treating the dismissal as a summary judgment since the Federal Rules of Civil Procedure permitted that approach and the parties did not dispute any issue of material fact.

The present case involves a dismissal under Rule 12(b)(1), rather than under Rule 12(b)(6). Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion cannot be converted into a motion for summary judgment. *See generally* Fed.R.Civ.P. 12. In fact, Rule 12(b)(6) is the only rule under which a court may treat a motion to dismiss as a summary judgment motion. *See id.* We would exceed our authority and bend the law if we acceded to the Defendants' request.

Moreover, treating a Rule 12(b)(1) motion as a summary judgment would raise substantial procedural problems related to the allocation of the burden of proof. In a Rule 12(b)(1) motion, the plaintiff bears the burden to show by a preponderance of the evidence that the district court has subject matter jurisdiction. *See Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir.1994). For that reason, the district court placed the burden on Toxgon to establish that subject matter jurisdiction existed. However, the Defendants, rather than Toxgon, bear the burden of proof on a properly pled affirmative defense under section 1498(a). As the party moving for summary judgment on that issue, the Defendants must therefore establish the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–26, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Under a Rule 56 analysis, Toxgon would not bear the burden of proof that was placed upon it. Because of these contrary procedural postures, Toxgon had to present evidence at the proceedings below establishing that the district court had jurisdiction. Under controlling precedent, the Defendants should have had to prove the absence of any genuine issue of material fact to prevail on summary judgment. Thus, Toxgon would be unfairly prejudiced if we resolved this case by summary judgment on first instance. In light of those procedural problems, we would be remiss to treat this Rule 12(b)(1) motion as a summary judgment on appeal.

Even if we entertained BNFL and Duratek's request, we would decline to grant summary judgment given the current record. Summary judgment is proper if the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The burden is initially upon the movant to establish the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 323–24, 106 S.Ct. 2548. Once "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations and footnotes omitted).

In this case, the parties present us with additional facts that were not before the district court. In its order, the district court indicated that "neither party point [sic] to Contract language limiting authorization nor expressly granting authorization for the Defendants to use patented inventions." Instead of presenting evidence to the trial court, the parties improperly introduce for the first time on appeal allegedly relevant evidence. For instance, Toxgon submits an "authorization and consent" clause from the DOE contract. This document was not present-

ed to the trial court because Toxgon allegedly found it only after the filing of this appeal. In preparing its appendix for this appeal, Toxgon also retrieved website documents and submitted them to us, knowing full well that the district court never saw them. Moreover, Toxgon's briefs are replete with unsupported factual assertions. BNFL and Duratek have also done likewise by submitting evidence outside of the appellate record. Although they knew that appellate rules prohibit the submission of new evidence, they relied on provision H1 and section C of the DOE contract in their briefs that were never presented to the district court. The Defendants even attempted, unsuccessfully, to file a supplemental appendix which allegedly showed that the DOE exercised its option to purchase the pilot melter pursuant to the contract.

Instead of turning this appeal into an evidentiary hearing, the parties should submit the contract and other evidence to the district court. As we have admonished, "we sit as a court to review claims that a trial judge erred, and not as a court of first instance." *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1585, 34 USPQ2d 1120, 1128 (Fed.Cir. 1995). On this incomplete record, summary judgment would be improper.

## IV

Consequently, we vacate the district court's dismissal for lack of subject matter jurisdiction and remand to the district court for proceedings consistent with this opinion.

## COSTS

No costs.

*VACATED AND REMANDED.*