NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1083

MICHELLE D. CONNELL
and HI-TECH BEDS SYSTEMS, CORPORATION,

Plaintiffs-Appellants,

v.

KLN STEEL PRODUCTS COMPANY, LTD.
(doing business as KLN Steel Products Company),
and CLARK/BLINDERMAN/KNIGHT, LLC,

Defendants-Appellees.

Philip A. Nicholas, Anthony, Nicholas, & Tangeman, LLC, of Laramie, Wyoming, argued for plaintiffs-appellants. With him on the brief was Mitchell H. Edwards. Of counsel on the brief was James K. Borcia, Tressler Soderstrom Maloney & Priess, LLP, of Chicago, Illinois.

Kevin M. O'Hagan, O'Hagan Spencer LLC, of Chicago, Illinois, argued for defendants-appellees. With him on the brief were James J. O'Hagan, Elizabeth M. Dillon, and Leena Soni. Of counsel on the brief was Robert A. Auchter, Robins, Kaplan, Miller & Ciresi, LLP, of Washington, DC.

Eric Fleisig-Greene, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, argued for amicus curiae. With him on the brief were Peter D. Keisler, Acting Attorney General, and Scott R. McIntosh, Attorney.

Appealed from: United States District Court for the Northern District of Illinois

Judge Virginia M. Kendall

Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1083

MICHELLE D. CONNELL
and HI-TECH BEDS SYSTEMS, CORPORATION,

Plaintiffs-Appellants,

v.

KLN STEEL PRODUCTS COMPANY, LTD.
(doing business as KLN Steel Products Company)
and CLARK/BLINDERMAN/KNIGHT, LLC,

Defendants-Appellees.

_____

DECIDED:  November 15, 2007
_____

Before MICHEL, Chief Judge, RADER and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Michelle D. Connell and Hi-Tech Bed Systems, Corporation (collectively "Connell") appeal from an order by the United States District Court for the Northern District of Illinois transferring appellee's affirmative defense under 28 U.S.C. § 1498(a) to the Court of Federal Claims.  Connell v. KLN Steel Prods. Co., No. 04-CV-0194, 2006 WL 2661011 (N.D. Ill. Sept. 13, 2006).  We vacate the transfer order and remand for proceedings consistent with this opinion.

BACKGROUND

Connell filed suit against KLN Steel Products Company and Clark/Blinderman/Knight, LLC (collectively "KLN") in the Northern District of Illinois,

alleging KLN committed various tortious acts under Illinois state law and that military bunk beds provided by KLN to the government under certain contracts infringe claims of United States Patent No. 6,611,973. KLN contended that the United States had authorized and consented to the alleged infringement, exculpating KLN from any liability. See 28 U.S.C. § 1498(a). KLN moved for summary judgment on this defense, and the district court denied that motion. Connell, 2006 WL 2661011, at *1.

After concluding that summary judgment was inappropriate, the district court ordered that the case be transferred to the Court of Federal Claims, purportedly under 28 U.S.C. § 1404(a), for resolution of the question of whether the government had authorized and consented to the allegedly infringing activities. Id. at *7. The district court's order was based on its conclusion that "it lack[ed] jurisdiction over the Navy in a suit for patent infringement pursuant to 28 U.S.C. § 1498." Id. The district court also concluded that the government was an indispensable party to the litigation. Id.

Connell moved for reconsideration of the district court's sua sponte order on September 29, 2006. That motion was denied on October 23, 2006. Connell filed a notice of appeal in the district court on November 20, 2006.

DISCUSSION

*A.     Jurisdiction*

As a preliminary matter, KLN questions both the timeliness of Connell's appeal and whether we have jurisdiction under 28 U.S.C. § 1292(d)(4)(A), reasoning that the district court only expressly relied on 28 U.S.C. § 1404(a) as the authority for transferring the case to the Court of Federal Claims and § 1292(d)(4)(A) only permits

jurisdiction over transfers made pursuant to 28 U.S.C. § 1631. We conclude that we have jurisdiction.

KLN argues that § 1292(d)(4)(B)'s 60-day stay of proceedings in the district court following issuance of an order transferring a case to the Court of Federal Claims under 28 U.S.C. § 1631 inherently includes a 60-day deadline for filing a notice of appeal. We disagree. Section 1292(d)(4)(B) does not, by its terms, provide a time period for filing an appeal. In this case, the applicable requirements for appealing the district court's transfer order, including the time for filing a notice of appeal, are governed by the Federal Rules of Civil and Appellate Procedure. We conclude that Connell complied with the applicable rules by filing its notice of appeal within 30 days of the district court's denial of its motion for reconsideration. See FED. R. APP. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of the order); see also Maxus Energy Corp. v. United States, 31 F.3d 1135, 1139 (Fed. Cir. 1994) (noting that a motion for reconsideration stays the time for filing an appeal). Thus, this appeal was timely.[1]

We also reject KLN's argument that we lack jurisdiction under 28 U.S.C. § 1292(d)(4)(A), based on our recent decision in Fisherman's Harvest, Inc. v. PBS & J, 490 F.3d 1371 (Fed. Cir. 2007). In that case, the district court cited only 28 U.S.C. § 1404(a) as providing the basis to transfer the case to the Court of Federal Claims. See Fisherman's Harvest, Inc. v. PBS & J, 401 F. Supp. 2d 745 (S.D. Tex. 2005). The same is true here. In this case, the district court expressly concluded that it lacked jurisdiction over KLN's § 1498(a) affirmative defense and transferred it to the Court of Federal Claims, citing only § 1404(a). See Connell, 2006 WL 2661011, at *7. Like we

---

[1]     We deny KLN's pending motion to dismiss the appeal as untimely.

concluded in Fisherman's Harvest, we conclude that the district court was, in fact, transferring the case under 28 U.S.C. § 1631 to cure what it perceived to be its "want of jurisdiction." See Fisherman's Harvest, 490 F.3d at 1374; 28 U.S.C. § 1631. Therefore, we reject KLN's challenge to our appellate jurisdiction.

   B.   *Transfer Under 28 U.S.C. § 1404(a)*

The district court did not have the benefit of our recent decision in Fisherman's Harvest in which we concluded that the Court of Federal Claims is not a "district or division" under 28 U.S.C. § 1404(a). That decision—issued while this appeal was pending—renders transfers to the Court of Federal Claims under § 1404(a) improper. In light of Fisherman's Harvest, § 1404(a) cannot provide a basis for the transfer order in this case.

   C.   *Transfer Under 28 U.S.C. § 1631 to Cure "Want of Jurisdiction"*

For transfer pursuant to § 1631, the transferor court must determine that it lacks jurisdiction over the action and that the transferee court possesses jurisdiction over the action. Fisherman's Harvest, 490 F.3d at 1374. The district court, however clearly had jurisdiction over Connell's various claims under 28 U.S.C. §§ 1331, 1332, and 1338. Section 1498(a) merely provides an affirmative defense to a patent infringement suit brought against private party contractors; it is not a bar to a district court's jurisdiction over disputes between private parties. See, e.g., Sperry Gyroscope Co. v. Arma Eng'g Co., 271 U.S. 232, 235-36 (1926) ("It became the duty of the court below to consider and determine whether, in the circumstances stated, appellee was relieved of liability and permitted by statute to do what otherwise would have constituted a violation of appellant's rights."); Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554

(Fed. Cir. 1990) ("The Supreme Court has established that section 1498(a) is to be applied, at least with respect to suits to which the United States is not a party, as a codification of a defense and not as a jurisdictional statute."). Therefore, we conclude that § 1631 cannot form the basis for the district court's transfer to the Court of Federal Claims because it did not lack jurisdiction over KLN's § 1498(a) defense. Cf. Fisherman's Harvest, 490 F.3d at 1375 ("Because there is no 'want of jurisdiction' over the oyster growers' claims against the private contractors, a transfer under section 1631 is not proper.").

### D.     The United States as an Indispensable Party

The district court concluded that the United States was indispensable to the resolution of Connell's various state law and patent claims. Although we conclude the United States may be in possession of information relevant to Connell's claims and KLN's defenses, and certain witnesses may be government employees, the United States is not an indispensable party to this dispute between private parties. Cf. Salton, Inc. v. Phillips Domestic Appliances & Personal Care B.V., 391 F.3d 871, 880 (7th Cir. 2004) ("When a plaintiff is harmed by the acts of several persons, all may be essential sources of evidence in a suit against any. But if this possibility automatically requires that all be joined, the rule that joint tortfeasors are not by virtue of their jointness indispensable parties . . . would be overthrown.").

We conclude that neither § 1404(a) nor § 1631 provides a proper basis for the district court's transfer to the Court of Federal Claims. We also conclude that the United States is not an indispensable party to Connell's suit against KLN. Therefore, we

vacate the district court's order transferring this case to the Court of Federal Claims and remand for further proceedings consistent with this opinion.