Gerald L. BEAUCHAMP, Plaintiff–Appellant,

v.

Michael J. SULLIVAN, Director, State of Wisconsin Department of Corrections, et al., Defendants–Appellees.

No. 92–4070.

United States Court of Appeals, Seventh Circuit.

Submitted March 7, 1994.

Decided April 21, 1994.

---

Gerald L. Beauchamp, pro se.

Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.

POSNER, Chief Judge.

Gerald Beauchamp, an inmate of a state prison, seeks damages and other relief against state prison officials under 42 U.S.C. § 1983, on the ground that the prison's policy regulating smoking by prisoners violates his constitutional rights. The policy forbids smoking within prison buildings but allows prisoners to smoke in the recreational areas outside. Beauchamp contends that the policy constitutes cruel and unusual punishment and also that it denies the equal protection of the laws because it is being implemented in stages—the central unit of the prison first, then the two wings—rather than throughout the entire prison at one fell swoop. The district judge dismissed the suit on the pleadings as frivolous, pursuant to 28 U.S.C. § 1915(d), which governs suits by indigent plaintiffs. The dismissal was expressly with prejudice, thus barring Beauchamp from refiling the suit.

Frivolous it is; but in addition Beauchamp has not shown that he has standing to sue. He does not allege that he is a smoker, and if he is not he cannot be harmed—he can only be benefited—by the regulation, unless he resides in one of the units of the prison in which the regulation has not yet been implemented, and he does not allege that either. Of course it is possible that, being uncounseled, he didn't know he had to allege an injury to himself, and merely took for granted that the court would assume that, of course, he is a smoker. So if we affirmed the dismissal of the suit with prejudice on the ground of lack of standing, we would be barring him on the basis of what may well be a pleading error rather than a fatal deficiency in the suit.

Unless the plaintiff has standing, a court cannot reach the merits of his case. But there is an exception for the frivolous case. A frivolous case does not engage the jurisdiction of the court. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Crowley Cutlery Co. v. United States,* 849 F.2d 273 (7th Cir.1988). So frivolousness is an alternative jurisdictional ground for dismissal to lack of standing. Beauchamp's case is frivolous. We can imagine that the sudden withdrawal of an addictive substance like tobacco might be employed as a form of torture by police or guards, but that is not alleged and with the Supreme Court having just held that prison officials may have a constitutional duty to protect inmates from high levels of ambient cigarette smoke, *Helling v. McKinney,* —— U.S. ——, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), a prison could hardly be thought to be violating the Constitution by restricting smoking in the manner illustrated by the

present case or by implementing such a restriction in stages to observe its effects before it is too late to step back. So clear are these things that we have no hesitation in pronouncing this suit frivolous and thus in affirming the district court.

AFFIRMED.