74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Newton C. ESTES, Plaintiff-Appellant,
v.
Brian NAMBA, Davis County Prosecutor; Steve Vanderlinden,
Defense Attorney and Public Defender; Judy Valeika, AP & P
Investigator; Judge Douglas Cornaby, Jay Edmonds, Appeal
Attorney; Dan Larsen, Assistant Attorney General; Judge
Kenneth Rigtrup, Judge James Sawaya, Craig Ludwig, Third
District Court Clerk; David Sam, District Judge; Angela F.
Micklos, Assistant Attorney General; Gary W. Deland, past
Corrections Director; O. Lane Mccotter, Corrections
Director; Eldon Former Draper Warden; Fred Vanderveur,
Gunnison Warden; Pete Haun, former Parole Board Chairman;
Michael Sibbett, Parole Board Chairman; Lorenso K. Miller,
Assistant Attorney General; Judge Donn Tibbs, Kirk
Torgensen, Assistant Attorney General; Judge Michael
Murphy, Judge John Wahlquist, David Carlson, Assistant
Attorney General; Dean Sheffield, Judicial Conduct
Commission; P. Gary Ferrero, Utah State Bar, Defendants-Appellees.
 No. 95-4059.
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1996.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the report and recommendation of the magistrate judge and dismissing pro se appellant Estes's amended complaint for failure to state a cause of action. Estes appeals on the grounds that the district court erred by failing to find that an alleged conspiracy among various state officials, lawyers, and other individuals in the criminal justice system involved in his sentence and conviction deprived him of his constitutional rights. Estes argues further that his complaint stated a cause of action pursuant to 42 U.S.C.1983, 1985, and 1986. We affirm.
 
 
 3
 Estes's various claims against the defendants relate to his criminal conviction, his efforts to acquire the presentence report in the case, his sentencing, and numerous proceedings and efforts to have his conviction and sentence overturned. At no point in this case have the challenged convictions and sentence been invalidated in any way. Appellant alleges that his inability to have his conviction and sentence invalidated relate to the alleged conspiracy by the defendants. Appellant further sought monetary damages for his alleged unconstitutional incarceration.
 
 
 4
 The district court plainly did not err in dismissing appellant's complaint. In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the United States Supreme Court held that allegations like those made in this case, where the conviction or sentence has never been invalidated, do not state a cause of action under 1983. Further, the judicial officers joined as defendants in this matter are absolutely immune because they were clearly performing judicial functions with respect to all of the alleged violations in this case. The magistrate judge and district court very thoroughly analyzed all of the allegations against all of the defendants. We AFFIRM the dismissal of the amended complaint for substantially the reasons given by the magistrate judge and adopted by the district court. AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3