**Enrique J. MARTINEZ, Plaintiff,**

**v.**

**Thomas ENSOR, Peter Stumpf, Joni Speirs, Tamara A. Knoepfle, Jacqueline Richman, John Murphy, Robert Grant, David Cordova, all as individuals under color of law; and Bob and Mary Frasier, parents of Tami Frasier, Defendants.**

**Civil Action No. 96–D–1664.**

United States District Court,
D. Colorado.

March 27, 1997.

Enrique J. Martinez, Crowley, CO, pro se.

## ORDER OF DISMISSAL

DANIEL, District Judge.

Plaintiff Enrique J. Martinez initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (1994), *as amended by* the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, § 309, 110 Stat. 3847 (Oct. 19, 1996); 42 U.S.C. §§ 1981, 1984 and 1985 (1994); 28 U.S.C. § 1343(a)(3) (1993); 18 U.S.C. §§ 241 and 242 (Supp.1997); 18 U.S.C. § 3143(b) (Supp. 1997), which he erroneously refers to as 18 U.S.C. § 3143b; "Colorado Revised Statutes Title 16 § 4," (complaint at 2); and the Federal Rules of Criminal Procedure. Mr. Martinez is in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility, Crowley, Colorado. He alleges that the defendants conspired to violate his rights under the United States Constitution.

Before I address the issues that properly are before me, I note that there is no basis for the plaintiff to assert a claim under § 1984 because no such statute exists. Section 3143(b), concerning release or detention of a federal defendant pending sentence or appeal, is inapplicable to a state prisoner, and will not be addressed. The incomplete citation to "Colorado Revised Statutes Title 16 § 4" apparently refers to Colo.Rev.Stat. §§ 16–4–101 through 203 (Supp.1996). This statute concerns release on bail, is not the proper subject of a claim filed in this court, and also will not be addressed.

Mr. Martinez is suing the following defendants for their involvement in his 1994 state criminal proceedings: the Honorable Thomas Ensor, Adams County Court district judge; Peter Stumpf, deputy district attorney; Joni Speirs, state public defender; Tamara A. Knoepfle, court reporter; Jacqueline Richman, psychological evaluator; John Murphy, mental health therapist; Robert Grant, district attorney and supervisor to Mr. Stumpf; David Cordova, state public defender and supervisor to Ms. Speirs; and Bob and Mary Frasier, parents of Tami Frasier, whose sig-nificance to this lawsuit the plaintiff does not discuss.

I must construe Mr. Martinez's complaint liberally because he is representing himself. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Ruark v. Solano,* 928 F.2d 947, 949 (10th Cir.1991). As relief Mr. Martinez seeks damages, immediate release from custody, and to "be vindicated of all charges." (Complaint at G. Request for Relief continued page 2.). The requested relief of immediate release from custody and vindication of all charges is in the nature of habeas corpus, and I will treat that portion of the complaint as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Mr. Martinez is proceeding pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (1994), *as amended by* the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, § 804, 110 Stat. 1321 (Apr. 26, 1996). Subsection (e)(2) of § 1915 requires a court to dismiss *sua sponte* a case at any time if the case is frivolous or malicious, *see* § 1915(e)(2)(B)(i), fails to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Claims of infringement of a legal interest which clearly does not exist or claims in which the plaintiff's factual allegations do not support an arguable claim are legally frivolous claims. *See Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) (defining the legally frivolous standard under the former 28 U.S.C. § 1915(d)). A dismissal for failure to state a claim on which relief may be granted is not appropriate unless the plaintiff can prove no set of facts to support his claims which would entitle him to relief. *E.g. Seamons v. Snow,* 84 F.3d 1226, 1231 (10th Cir.1996).

For the reasons stated below, the claims asserted pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 will be dismissed without prejudice as barred by the holding, rationale and logic of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The claims asserted pursuant to 18 U.S.C. §§ 241 and

242 will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii), and for lack of standing. The portion of the complaint requesting relief in the form of immediate release from custody and vindication of all charges, which I will treat as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, will be dismissed without prejudice for failure to exhaust state remedies.

■ First, I will address Mr. Martinez's claims for damages asserted pursuant to 42 U.S.C. § 1983. Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Mr. Martinez may not challenge the constitutionality of his state court conviction and sentence in this action. In *Heck*, 512 U.S., at 485–87, 114 S.Ct. at 2372, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. If a judgment pursuant to § 1983 in the plaintiff's favor necessarily would imply that the criminal conviction or sentence is not valid, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *See id.*

Mr. Martinez's 42 U.S.C. § 1983 claims for damages necessarily imply the invalidity of, and amount to an attack on, his state court conviction and sentence. These § 1983 claims must be dismissed because Mr. Martinez does not allege and has not demonstrated that his conviction or sentence already has been invalidated. When a § 1983 claim is dismissed under Heck, the dismissal is without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir.1996).

Mr. Martinez also cites 42 U.S.C. §§ 1981 and 1985 as statutory authority for his claims that attack the validity of his conviction and sentence. In *Heck*, the United States Supreme Court only addressed the propriety of a damages claim pursuant to 42 U.S.C. § 1983. The United States Court of Appeals for the Tenth Circuit has not addressed in a published opinion whether a plaintiff can attack the validity of a conviction or sentence pursuant to §§ 1981 or 1985 without first invalidating that conviction or sentence.[1] However, other decisions which are instructive as to the proper scope of *Heck* indicate that the logic and rationale the Supreme Court applied in *Heck* are applicable to §§ 1981 and 1985 claims attacking the validity of a conviction or sentence. The Tenth Circuit has extended the logic and rationale of *Heck* to claims asserted under the Federal Tort Claims Act (FTCA). *Parris v. United States*, 45 F.3d 383, 385 (10th Cir.) (FTCA is not an appropriate vehicle for challenging the validity of outstanding criminal judgments), *cert. denied*, ―― U.S. ――, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). The Tenth Circuit also has held that *Heck* applies in actions initiated under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the federal counterpart of a § 1983 lawsuit. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam).

■ Based on the foregoing authorities, Mr. Martinez may not challenge the validity of his conviction or sentence by seeking damages pursuant to 42 U.S.C. §§ 1981 and 1985. Under these statutes, as under 42 U.S.C. § 1983, FTCA and *Bivens*, a cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the plaintiff's conviction or sentence has been invalidated. *See Heck*, 512 U.S., at 489–91, 114 S.Ct. at 2374. As such, §§ 1981 and 1985 are not appropriate vehicles for challenging the validity of the fact or length of the plaintiff's confinement. Moreover, I

---

**1.** In an unpublished opinion, *Estes v. Namba*, No. 95–4059, 1996 WL 15682, at *1 (10th Cir. Jan.17, 1996), the Tenth Circuit concludes with limited analysis that the reasoning of *Heck* applies to § 1985 claims.

will not allow Mr. Martinez to circumvent the decision in *Heck* by repackaging the claims he asserts under § 1983 as claims asserted under §§ 1981 and 1985 as well. Mr. Martinez merely cites to §§ 1981 and 1985 without invoking any of the language of either statute, without asserting any facts which would give rise to a claim under either statute, and without making any distinctions among his §§ 1981, 1983 or 1985 claims. Mr. Martinez may not accomplish under §§ 1981 or 1985 what *Heck* does not permit him to accomplish under § 1983.

■ Mr. Martinez's asserted claims pursuant to criminal statutes 18 U.S.C. §§ 241 and 242 are without merit. Mr. Martinez is attempting to invoke the authority of United States attorneys under 28 U.S.C. § 547 (1993) to prosecute for offenses against the United States. Generally, private citizens have no authority to institute a federal criminal prosecution. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989); *Winslow v. Romer*, 759 F.Supp. 670, 673–74 (D.Colo.1991) Criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys. *Id.* Mr. Martinez lacks standing to initiate a criminal prosecution and, therefore, these claims must be dismissed. When a plaintiff lacks standing to assert a claim, frivolousness is an alternative jurisdictional ground for dismissal to lack of standing. *See Beauchamp v. Sullivan*, 21 F.3d 789, 790–91 (7th Cir.1994).

Finally, I will address that portion of the complaint that I will treat as an application for a writ of habeas corpus. Courts are to construe actions according to the nature of the relief sought, not according to how they are styled by their drafters. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973); *Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir.1981). Mr. Martinez seeks immediate release from custody and vindication of the criminal charges against him. His sole federal remedy for this claim is an application for a writ of habeas corpus. *See Preiser*, 411 U.S. at 500, 93 S.Ct., at 1841–42. Thus, I must construe that portion of the pleading as an application for a writ of habeas corpus pursu-

ant to 28 U.S.C. § 2254. *See id.* at 500, 93 S.Ct., at 1841–42.

■ Under 28 U.S.C. § 2254(b), a habeas corpus petitioner must exhaust state remedies prior to filing such an application with the federal court. Furthermore, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *Miranda v. Cooper*, 967 F.2d 392 (10th Cir.), *cert. denied*, 506 U.S. 924, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992). The complaint form completed by Mr. Martinez in this action specifically asks if the plaintiff has "begun any other lawsuits in state or federal court dealing with the same facts involved in this action." Complaint at 4. Mr. Martinez responded that he has not filed any such actions. Therefore, he has not exhausted his state remedies, and the application for a writ of habeas corpus will be dismissed for that reason. Accordingly it is

ORDERED that the claims asserted pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 are dismissed without prejudice as barred by the holding, rationale and logic of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It is

FURTHER ORDERED that the claims asserted pursuant to 18 U.S.C. §§ 241 and 242 are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii), and for lack of standing. It is

FURTHER ORDERED that the portion of the complaint requesting relief in the form of immediate release from custody and vindication on all charges, which I have treated as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that the complaint and the action are dismissed.