NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1377

JAMES H. CLARK,

Plaintiff-Appellant,

v.

FLOYD CRUES, STEPHEN WARMACK, SHANE HOPPER,
SYLVIA SHEAD, MELVIN GUNTER, ST. LOUIS PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE CITY OF ST. LOUIS,
DARNETTA CLINKSCALE, VINCENT SCHOEMEHL, RONALD JACKSON,
ROBERT ARCHIBALD, and KENNETH C. BROSTRON,

Defendants-Appellees.

James H. Clark, of St. Louis, Missouri, pro se.

James C. Hetlage, Lashly & Baer, P.C., of St. Louis, Missouri, for defendants-appellees.

Appealed from: United States District Court for the Eastern District of Missouri

Judge Jean C. Hamilton

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1377

JAMES H. CLARK,

Plaintiff-Appellant,

v.

FLOYD CRUES, STEPHEN WARMACK, SHANE HOPPER,
SYLVIA SHEAD, MELVIN GUNTER, ST. LOUIS PUBLIC SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE CITY OF ST. LOUIS,
DARNETTA CLINKSCALE, VINCENT SCHOEMEHL, RONALD JACKSON,
ROBERT ARCHIBALD, and KENNETH C. BROSTRON,

Defendants-Appellees.

Appeal from the United States District Court for the Eastern District of Missouri in case no. 4:05-CV-1344, Judge Jean C. Hamilton.

_____

DECIDED: January 8, 2008

_____

Before LINN, DYK, and PROST, Circuit Judges.

PER CURIAM.

James H. Clark ("Clark") appeals from a final judgment of the United States District Court for the Eastern District of Missouri. Clark v. Crues, No. 4:05-CV-1344 JCH, slip op. (E.D. Mo. Mar. 23, 2007) ("Memorandum & Order"). In that decision, the court granted summary judgment to the defendants, dismissing Clark's claims of inducement of patent infringement, willful patent infringement, copyright infringement, and conspiracy in violation of 42 U.S.C. §§ 1983 and 1985, and declining to exercise supplemental jurisdiction over Clark's remaining claims. Because the record presents

no genuine issue of material fact and the defendants are entitled to judgment as a matter of law, see Fed. R. Civ. P. 56(c), we affirm.

This appeal concerns a "behavioral modification program," known as the "Out of Area Program," that Clark claims he developed and implemented while he was employed by the St. Louis, Missouri public school system as a probationary teacher. The Out of Area Program consists of a set of written materials intended for use by teachers and other school personnel to help control and modify disruptive behavior by students. After Clark's employment was terminated for reasons that the defendants assert are unrelated to this appeal, Clark sued the defendants, asserting, inter alia, patent and copyright infringement. On appeal, Clark challenges the district court's dismissal of his patent and copyright claims. He also alleges that it was an improper conflict of interest for Defendant Kenneth Brostron to serve as counsel for his co-defendants, that the district court erroneously failed to consider claims against an entity known as "Board of Education of the City of St. Louis (former)," that the district court erroneously docketed certain pleadings, that the district court failed to communicate adequately with him, and that the defendants tortiously interfered with his business relationships.

As to the copyright claim, the district court held that the "Out of Area Program constitutes a business idea, excluded from copyright protection under 17 U.S.C. § 102(b)." Memorandum & Order at 10. We agree. The Complaint alleges that the defendants "used the same concept referencing Hall Pass procedures" as in the Out of Area Program. See id. at 9. Such general concepts and ideas are beyond the purview of copyright law. See Mazer v. Stein, 347 U.S. 201, 217 (1954) ("[A] copyright gives no

exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself."). At best, Clark alleges that his hall pass, Appellant's Br. attach. 24d, and a hall pass that was used in the 2004–05 school year at Roosevelt High School, id. attach. 24e, share language that restricts the use of hall passes during the first and last ten minutes of class. However, the passes are not otherwise alike, and the district court correctly concluded that this limited use of similar functional language does not constitute copyright infringement even if, as Clark alleges, the defendants deliberately copied Clark's ideas. See CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1519–20 (1st Cir. 1996) (denying copyright protection to phrases such as "clock in" used in a radio promotional contest as an employment metaphor, and stating that "copyright law denies protection to 'fragmentary words and phrases' and to 'forms of expression dictated solely at functional considerations' on the grounds that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection").

As to the patent claims, the district court held that Clark had failed to provide any evidence that he had been issued a U.S. patent. Clark does not challenge this conclusion on appeal, but he argues that the district court should have stayed his infringement suit while the U.S. Patent and Trademark Office considered his patent application. Clark is incorrect; he can maintain an action for patent infringement only if and when he has been issued a patent. See 35 U.S.C. § 271(a); Amgen, Inc. v. Genetics Inst., Inc., 98 F.3d 1328, 1332 (Fed. Cir. 1996) ("[O]f course suit can not be brought for infringement of a patent that has not issued."). If Clark ultimately succeeds in his efforts to obtain a patent, he may then be in a position to bring a civil action

regarding acts of alleged infringement occurring after the patent issues, but even then the activities of the defendants prior to issuance of the patent will not constitute acts of infringement. Accordingly, there is no basis on which to delay proceedings in this case.

Clark's remaining arguments are similarly meritless. Clark does not provide any legal basis for his allegation that it is improper for Brostron to represent the other defendants in the pre-trial phase of this case. Additionally, we see no error in the district court's treatment of the Board of Education of the City of St. Louis as the proper name for the entity that manages the St. Louis public schools or in the district court's docketing of Clark's pleadings. As to the latter, if a docketing error did occur, there is no indication that it affected the outcome of this case or otherwise harmed Clark. We also see no error in the district court's handling of communications with Clark, and Clark does not allege that he was prejudiced by any failure to receive orders from the district court.

Finally, Clark argues that the defendants tortiously interfered with his business relationships and attorney-client relationships. These claims arise under state law. The district court dismissed Clark's state-law claims without prejudice under 28 U.S.C. § 1367(c), which gives a district court the authority to decline jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." In this case, all of the claims arising under federal law have been dismissed, and the district court lacks original jurisdiction over the claims arising under state law. Because the district court correctly dismissed Clark's federal-law claims, we perceive no abuse of discretion in the district court's decision to dismiss Clark's state-law claims without prejudice.

Accordingly, we affirm the judgment of the district court in all respects.

## COSTS

No costs.