Carl MARTIN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 11–158 C.

United States Court of Federal Claims.

Aug. 15, 2011.

Carl Martin, Mead, OK, pro se.

Lindsay Kate Eastman, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

SWEENEY, Judge.

Before the court is defendant's consolidated motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted ("motion"). In this case, plaintiff, proceeding *pro se*, claims ownership of two patents he asserts were issued to him by the United States Patent and Trademark Office ("USPTO") and alleges that the United States has utilized the technology he invented for national security purposes. According to plaintiff, the United States has failed to provide him monetary compensation for the purported infringement of his patents. Defendant moves to dismiss, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that plaintiff does not hold any issued patents. It also moves to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons discussed below, the court lacks jurisdiction over the amended complaint and grants defendant's motion pursuant to RCFC 12(b)(1).

## I. BACKGROUND

Plaintiff asserts that he developed technology in the late 1970s and early 1980s that has been utilized by the United States as part of its national security programs. He alleges receiving from the government "absolutely no monetary compensation for his national security inventive endeavors[ ] and intellectual work product." Am. Compl. 2. According to plaintiff, the USPTO issued to him two patents for his inventions, No. 60/573,757 on July 28, 2004, and No. 60/995,253 on September 25, 2007. Plaintiff does not allege a right in any intellectual property that has been purportedly infringed. Instead, plaintiff generally claims that "element[s] within the U.S. government" have attempted to "secret[ ] away ... [his] emerging work product," may have "secreted-away" items plaintiff believes constitute "promising new technology," and have systematically disrupted his upward financial mobility through intellectual property theft. *Id.* at 3. Plaintiff does not explicitly seek money damages stemming from the government's purported infringement of his patents.

Plaintiff previously filed a similar claim in federal district court against the United States for alleged infringement of his intellectual property rights. *See Martin v. Dep't of Defense*, No. 6:06–cv–00113–RAW (E.D.Okla. filed Mar. 22, 2006). Plaintiff characterized his district court case as follows: "[P]rivate citizen inventor forceably [sic] kept under wraps manages to get 'Pioneer' naval invention before Pentagon where secrecy determination goes haywire." Def.'s App. A1. On September 25, 2006, the district court granted the government's motion to dismiss for lack of jurisdiction and declined to transfer plaintiff's claim to the United States Court of Federal Claims ("Court of Federal Claims").

Plaintiff filed a complaint in the Court of Federal Claims on March 14, 2011. In his original complaint, plaintiff sought money damages for the "wrongful taking of intellectual property." Compl. 1. After defendant filed the instant motion, plaintiff submitted an amended complaint, which the court filed by its leave on June 10, 2011. In his amended complaint, plaintiff references the two patents enumerated above, claims that the government failed to compensate him for use of his inventions, and alleges that he has been "subjected to intellectual property theft activity...." Am. Compl. 2. Plaintiff also claims that he has been subjected to "theft activity" and that Arizona law enforcement is in possession of "[n]ewly discovered evidence" suggesting that the United States engaged in the "unauthorized secreting away of [his] emerging work product." *Id.* at 3. Defendant filed a response to the amended complaint and renewed its motion. Although the court afforded plaintiff ample time to respond to defendant's motion, plaintiff did not file any response brief, and there is no need to delay ruling on defendant's motion.

## II. LEGAL STANDARDS

### A. *Pro Se* Plaintiff

The Court of Federal Claims holds pleadings of a *pro se* plaintiff to less stringent standards than those of litigants represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Courts have "strained [their] proper role in adversary proceedings to the limit, searching ... to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct.Cl. 1969). Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed.Cl. 249, 253 (2007); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."); *Bernard v. United States*, 59 Fed.Cl. 497, 499 (noting that *pro se* plaintiffs are not excused from satisfying jurisdictional requirements), *aff'd*, 98 Fed. Appx. 860 (Fed.Cir.2004). As the Court of Federal Claims stated in *Demes v. United States*, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed.Cl. 365, 369 (2002).

## B. Subject Matter Jurisdiction

 Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see also Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006) (stating that subject matter jurisdiction is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case"). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The parties or the court *sua sponte* may challenge the court's subject matter jurisdiction at any time. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

 The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). A waiver of immunity "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

## C. Motion to Dismiss

 Defendant moves to dismiss the complaint under RCFC 12(b)(1) and 12(b)(6). The court's "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999). When deciding a motion to dismiss, the court assumes all factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 814–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.

2006). The court must first address its jurisdiction over the controversy; only after determining that it possesses jurisdiction may the court then decide an RCFC 12(b)(6) motion to dismiss. *See Do–Well Mach. Shop, Inc. v. United States,* 870 F.2d 637, 639–40 (Fed.Cir.1989) (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

 The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). If the defendant or the court questions jurisdiction, the plaintiff cannot rely solely on allegations in the complaint but must bring forth relevant, adequate proof to establish jurisdiction.[1] *See McNutt,* 298 U.S. at 189, 56 S.Ct. 780. The court may, when ruling upon an RCFC 12(b)(1) motion, examine relevant evidence in order to decide any factual disputes. *See Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir.1999); *Reynolds,* 846 F.2d at 747. If the court determines that it lacks subject matter jurisdiction, then it must dismiss the claim. *Matthews,* 72 Fed.Cl. at 278; *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

### A. The Court Lacks Jurisdiction Over the Amended Complaint

Plaintiff brings a claim against the United States for its purported infringement of two patents over which plaintiff claims ownership. The Court of Federal Claims possesses exclusive jurisdiction over patent infringement claims against the United States. *See* 28 U.S.C. § 1498 (2006). Section 1498(a) provides, in relevant part:

Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof

---

**1.** As previously noted, plaintiff did not respond to defendant's motion.

or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

Section 1498(a) was first enacted in 1910 and was subsequently broadened "in order to aid the government's procurement efforts during World War I." *Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis*, 583 F.3d 1371, 1375 (Fed.Cir.2009). In *Richmond Screw Anchor Co. v. United States*, the United States Supreme Court explained that the "intention and purpose of Congress ... was to stimulate contractors to furnish what was needed for the war, without fear of becoming liable themselves for infringements to inventors or the owners or assignees of patents." 275 U.S. 331, 345, 48 S.Ct. 194, 72 L.Ed. 303 (1928); *accord Coakwell v. United States*, 372 F.2d 508, 511 (Ct.Cl.1967).

As a waiver of sovereign immunity, section 1498 is strictly construed. *Leesona Corp. v. United States*, 599 F.2d 958, 968 (Ct.Cl.1979); *Windsurfing Int'l, Inc. v. Ostermann*, 534 F.Supp. 581, 588 (S.D.N.Y. 1982); *Stroughter v. United States*, 89 Fed. Cl. 755, 761 (2009). Yet, section 1498 "is more than a waiver of immunity" because it "effects an assumption of liability by the government." [2] *Richmond Screw Anchor Co.*, 275 U.S. at 344, 48 S.Ct. 194. Section 1498 "authorize[s] the eminent domain taking of a patent license," *Leesona Corp.*, 599 F.2d at 966; *accord Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed.Cir.1984) (explaining that the "theoretical basis" for recovery under section 1498 is the doctrine of eminent domain), and removes the threat of injunction by providing for " 'reasonable and entire compensation' for infringing use," *Advanced Software Design Corp.*, 583 F.3d at 1375 (quoting *Motorola, Inc.*, 729 F.2d at 768 n. 3). In essence, the United States "is not in the position of an ordinary infringer, but rather a compulsory, nonexclusive licensee."

*Motorola, Inc.*, 729 F.2d at 768 (citations omitted). Therefore, injunctive relief under 35 U.S.C. § 283 is unavailable to a patent owner in a section 1498 action against the government. *Leesona Corp.*, 599 F.2d at 968 (noting that a predecessor court to the Court of Federal Claims generally lacked jurisdiction to grant equitable relief and explaining that incorporating all of the remedies from title 35 of the United States Code into section 1498 violated the requirement that Congress provide an express waiver of sovereign immunity). Accordingly, to the extent that plaintiff seeks relief other than money damages, his claim must fail.

Further, section 1498 does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent. *See* 28 U.S.C. § 1498(a) ("Whenever an invention *described in and covered by a patent* of the United States ...." (emphasis added)); *see also Amgen, Inc. v. Genetics Inst., Inc.*, 98 F.3d 1328, 1332 (Fed.Cir.1996) (explaining that a suit for infringement of a patent cannot be brought where a patent has not issued). Despite plaintiff's allegation that he has been granted two patents by the USPTO, Am. Compl. 2, the USPTO has not, in fact, issued any patents to plaintiff. During the pendency of his district court case, plaintiff referenced a "provisional" patent—No. 60/573,757—that he obtained for his "latest maritime invention/technology." Def.'s App. A15. This "provisional" patent is one of two plaintiff cites in his amended complaint. The USPTO, however, does not issue "provisional" patents.

The USPTO authorizes an inventor to submit a provisional application for patent, which "allows filing without a formal patent claim, oath or declaration, or any information disclosure (prior art) statement." Pub. Info. Servs., USPTO, *Provisional Application for Patent* (2011), *available at* http://www.uspto. gov/patents/resources/types/provapp.jsp (last visited Aug. 12, 2011). Provisional applications are not examined on their merits. *Id.*

---

**2.** With respect to suits in which the United States is not a party, section 1498(a) acts "as a codification of a defense and not as a jurisdictional statute." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed.Cir.1990) (citing *Sperry Gyroscope Co. v. Arma Eng'g Co.*, 271 U.S. 232, 235–36, 46 S.Ct. 505, 70 L.Ed. 922 (1926)); *see also Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1382 (Fed.Cir.2002) (characterizing section 1498(a) as "an affirmative defense rather than a jurisdictional bar" in litigation between private parties before the district court).

A provisional application cannot result in a patent unless one of two events occur within twelve months of the provisional application filing date: (1) the applicant files a corresponding non-provisional application for patent; or (2) the applicant files a petition pursuant to 37 C.F.R. § 1.53(c)(3) to convert a provisional application into a non-provisional application. *Id.*

Once filed, a patent application is assigned an application number that "includes a two digit series code followed by a six digit serial number which is assigned by the USPTO." USPTO, *Application Number*, U.S. Pat. & Trademark Off., http://www.uspto.gov/ebc/portal/infoappnum.htm (last visited Aug. 12, 2011); *see also* 37 C.F.R. § 1.53(a) (2010) ("Any papers received in the [USPTO] which purport to be an application for a patent will be assigned an application number for identification purposes."). Plaintiff's purported patents each begin with a series code of 60, which indicates that they are provisional applications. USPTO, *Filing Years and Patent Application Serial Numbers Since 1882*, U.S. Pat. & Trademark Off., http://www.uspto.gov/patents/process/search/filingyr.jsp (last visited Aug. 12, 2011). Furthermore, the USPTO Patent Application Information Retrieval system indicates that application numbers 60/573,757 and 60/995,253 are unavailable for public inspection. *Accord* Def.'s App. A66. The file of an application that has issued as a patent is available to the public. *See* 37 C.F.R. §§ 1.11(a), 1.14(a)(1)(i). Thus, if plaintiff's provisional applications had matured into patents, then the application files would be available for public inspection.

Plaintiff has not established that he possesses any patents issued by the USPTO, a prerequisite to bringing a claim for infringement under section 1498. *Stroughter*, 89 Fed.Cl. at 761–62. Because plaintiff does not allege infringement by the United States of any issued patents, the court lacks jurisdiction over the amended complaint. Accordingly, the court need not address defendant's arguments in support of dismissal pursuant to RCFC 12(b)(6).

■■■■■ To the extent that plaintiff asserts a taking claim under the Fifth Amendment to the United States Constitution in connection with the purported infringement of his intellectual property, such a claim cannot be maintained. A party cannot sue the United States for patent infringement under the Tucker Act by alleging that the infringement constitutes a Fifth Amendment taking of private property for public use. *Zoltek Corp. v. United States*, 442 F.3d 1345, 1351 (Fed.Cir.2006) (citing *Schillinger v. United States*, 155 U.S. 163, 169, 15 S.Ct. 85, 39 L.Ed. 108 (1894)). Additionally, to the extent that plaintiff alleges theft or conversion of property, *see* Am. Compl. 3 (alleging that plaintiff has been subjected to "theft activity" that "disrupt[ed his] upward financial mobility"), the court lacks jurisdiction over claims sounding in tort, *see* 28 U.S.C. § 1491(a); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed.Cir.2008); *Woodruff v. United States*, 80 Fed.Cl. 806, 816 (2008). Furthermore, to the extent that plaintiff alleges criminal activity on the part of the United States, *see* Am. Compl. 3 (alleging that "[n]ewly discovered evidence now residing with Phoenix[,] Arizona law enforcement makes [a] compelling case that probable cause exist[s]" related to "the unauthorized secreting away of inventor-plaintiff's emerging work product by . . . the U.S. government"), the court lacks jurisdiction over criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed.Cir.1994); *Matthews*, 72 Fed.Cl. at 282; *see also Martinez v. Ensor*, 958 F.Supp. 515, 518 (D.Colo. 1997) ("Generally, private citizens have no authority to institute a federal criminal prosecution. Criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys.").

**B. The Court Cannot Transfer the Amended Complaint to a Federal District Court**

■■■■■ "When a court lacks jurisdiction, the ordinary course is . . . to dismiss. . . ." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir.1999). Nevertheless, a court must transfer a claim over which it lacks jurisdiction to a court where it could have been brought under certain circumstances:

Whenever a civil action is filed in a court as defined in section 610 of this title . . .

and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought.[3]

28 U.S.C. § 1631 (footnote added). Thus, in order to transfer a case, the court must determine that (1) it lacks subject matter jurisdiction; (2) at the time the case was filed, the case could have been brought in the transferee court; and (3) transfer is in the interest of justice. *Id.; United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1364 n. 5, 1374 (Fed.Cir.1983).

 Here, transfer to the district court cannot be effectuated because the Court of Federal Claims possesses exclusive jurisdiction over patent infringement claims against the United States. *See* 28 U.S.C. § 1498. Indeed, plaintiff previously sought relief in district court, which determined that it lacked jurisdiction, dismissed plaintiff's complaint, and declined to transfer the case to the Court of Federal Claims, stating: "The requested transfer would, in effect, permit plaintiff to 'file' a claim in the Court of Federal Claims without paying the requisite filing fee.... Plaintiff may file an action directly in the Court of Federal Claims if he wishes to do so." Def.'s App. A63. Additionally, to the extent that plaintiff alleges tort claims, those claims lack merit and, consequently, transfer is not in the interest of justice. *John C. Grimberg Co.*, 702 F.2d at 1364 n. 5, 1374.

## IV. CONCLUSION

For the foregoing reasons, the court lacks jurisdiction over the amended complaint. Accordingly, defendant's motion is **GRANTED.** The clerk is directed to **DISMISS WITHOUT PREJUDICE** the amended complaint pursuant to RCFC 12(b)(1) and to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

---

**3.** Under 28 U.S.C. § 610, the term "court" includes "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the

District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade."