NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES HEDMAN CLARK,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5002

---

Appeal from the United States Court of Federal Claims in No. 1:11-cv-00010-VJW, Judge Victor J. Wolski.

---

Decided: November 25, 2015

---

JAMES HEDMAN CLARK, St. Louis, MO, pro se.

SCOTT DAVID BOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee. Also represented by JOHN J. FARGO, BENJAMIN C. MIZER.

---

Before TARANTO, PLAGER, and LINN, *Circuit Judges.*

PER CURIAM

James Clark owns a federally registered copyright on a pamphlet describing a program that he developed for modifying student behavior. He filed for a patent on his program but abandoned the application. He brought the present action against the United States in the Court of Federal Claims, alleging, among other things, that the government had infringed his copyright and patent rights in the program and had violated a secrecy order imposed on his patent application. The Court of Federal Claims dismissed all of Mr. Clark's claims. We affirm.

BACKGROUND

Mr. Clark worked as a probationary teacher in St. Louis, Missouri, from October 2003 until at least the end of the 2004–2005 school year. In the spring of 2004, he developed a program for modifying student behavior, in particular the behavior of students at Roosevelt Ninth Grade Learning Center, which he titled the Out of Area Program. In addition to describing how to implement the Program, a pamphlet describing the Program contains multiple exhibits, including a model Hall Pass. Mr. Clark obtained federal copyright registration on the Program pamphlet on April 22, 2005. Copyright Registration No. TX0006164501. He applied for a patent on the Program in June 2005, U.S. Patent Application No. 11/153,118, but abandoned the application in October 2010.

On May 22, 2006, Mr. Clark filed a complaint in the United States District Court for the Eastern District of Missouri against several individuals, the St. Louis Board of Education, and the St. Louis Public School District, alleging, among other things, patent infringement and copyright infringement. *Clark v. Crues*, No. 4:05-CV-1344, 2007 WL 906702, at *3 (E.D. Mo. Mar. 23, 2007). The district court dismissed the patent-infringement claims because Mr. Clark had not shown the existence of a patent covering the Program. *Id.* at *5. The court also

dismissed the copyright-infringement claims because Mr. Clark had not alleged that the defendants copied the expressive elements of the Program pamphlet, as opposed to merely using the ideas embodied in it. *Id.* at *7. On appeal, this court affirmed the district court's judgment in its entirety. *Clark v. Crues*, 260 F. App'x 292, 295 (Fed. Cir. 2008).

On January 5, 2011, Mr. Clark sued the United States in the Court of Federal Claims on numerous grounds. The Court of Federal Claims grouped the causes of action in Mr. Clark's complaint into nine categories. Three of those categories are relevant here: Mr. Clark alleges that the United States has infringed what he believes to be his patent rights in the Program; has violated a secrecy order relating to his patent application; and has infringed his copyright on the Program.[1]

The Court of Federal Claims granted the government's motion to dismiss all of Mr. Clark's claims. The court dismissed the claims for lack of jurisdiction to the extent that they allege a violation committed by someone other than the United States. The court dismissed the patent-infringement claims for lack of jurisdiction because Mr. Clark had not adequately alleged that he was the owner of any U.S. patent. It dismissed the secrecy-order claims for lack of jurisdiction, giving three reasons: Mr. Clark had not adequately alleged the existence of a relevant secrecy order; if such an order exists, Mr. Clark had not exhausted his administrative remedies as required under 35 U.S.C. § 183; and Mr. Clark may not originally challenge any secrecy order in the Court of Federal

---

[1]    The other six categories of claims are: (1) illegal exaction claims, (2) tort claims, (3) claims under 19 U.S.C. § 1337, (4) claims under Article I of the United States Constitution, (5) Fifth Amendment Takings claims, and (6) implied-in-fact contract claims.

Claims under § 183 because his patent application did not issue.

The court also dismissed Mr. Clark's copyright-infringement claims on multiple grounds. First, the court determined that most of Mr. Clark's complaint fails to state a claim on which relief can be granted because his allegations concern the use of the ideas embodied in the Program, rather than the expression of those ideas. Second, the court determined that the complaint does not sufficiently allege federal-government involvement in the allegedly infringing acts. Last, the court concluded that the allegedly infringing works were not sufficiently similar to the Program pamphlet to constitute copyright infringement.

On appeal, Mr. Clark requests that we vacate the 2007 judgment of the Eastern District of Missouri and this court's 2008 judgment affirming it. He also argues that the Court of Federal Claims erred in dismissing his patent-infringement claims, given the liberal pleading standards typically afforded to pro se litigants; erred in dismissing his secrecy-order claims because the Invention Secrecy Act is unconstitutional; and erred in dismissing his copyright-infringement claims because the Program is copyrightable subject matter. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Court of Federal Claims' grant of a motion to dismiss for lack of jurisdiction or for failure to state a claim. *Bay View Inc. v. United States*, 278 F.3d 1259, 1263 (Fed. Cir. 2001). A plaintiff fails to state a claim when the facts pleaded, viewed in the light most favorable to the plaintiff, do not "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a preliminary matter, Mr. Clark's complaint makes allegations against not only the United States but also various private and state and local governmental entities. The Court of Federal Claims correctly determined that it lacks jurisdiction over claims against entities other than the United States. 28 U.S.C. §§ 1491(a), 1498(a).

Mr. Clark's request that we vacate our 2008 judgment and the 2007 judgment of the Eastern District of Missouri fails. Mr. Clark petitioned for rehearing of our 2008 judgment, and on February 12, 2008, we denied that petition. The 2007 and 2008 judgments are not collaterally reviewable by us now or by the Court of Federal Claims. *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("the Court of Federal Claims does not have jurisdiction to review the decisions of district courts").

As to his patent-infringement claims, Mr. Clark does not directly challenge the Court of Federal Claims' determination that it lacked jurisdiction to hear those claims. Instead, Mr. Clark challenges the jurisdiction of the Eastern District of Missouri to hear his patent-infringement claims, as well as this court's jurisdiction to review the district court's judgment. As discussed above, this court does not review our 2008 judgment or the 2007 judgment of the Eastern District of Missouri.

To the extent that Mr. Clark does challenge the Court of Federal Claims' dismissal of his patent-infringement claims, the challenge must fail: the court did not err in dismissing his claims for lack of jurisdiction. The Court of Federal Claims has jurisdiction over actions against the United States by an owner of a U.S. patent when the government uses or makes without authorization "an invention described in and covered by a patent of the United States." 28 U.S.C. § 1498(a). Mr. Clark's applica-

tion to patent the Program was abandoned, and Mr. Clark has not identified an issued patent covering the Program. *See Martin v. United States*, 99 Fed. Cl. 627, 632 (2011) ("section 1498 does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent"); *cf. Amgen, Inc. v. Genetics Inst., Inc.*, 98 F.3d 1328, 1332 (Fed. Cir. 1996) ("of course suit can not be brought for infringement of a patent that has not issued").

The Court of Federal Claims also correctly dismissed Mr. Clark's claims that the government violated a secrecy order in relation to his patent application. The Invention Secrecy Act, 35 U.S.C. §§ 181–88, provides two routes for seeking compensation for damage caused by the United States' imposition of a secrecy order concerning a patent application: (1) for a non-issued patent, applying to the head of the department or agency that issued the secrecy order for a settlement to compensate the applicant for any loss, the settlement challengeable in the Court of Federal Claims or a federal district court; and (2) for an issued patent, filing a suit in the Court of Federal Claims for just compensation. 35 U.S.C. § 183. Mr. Clark does not own an issued patent, and this appeal does not arise from an agency settlement concerning a secrecy order imposed on Mr. Clark's patent application. Thus, the Court of Federal Claims lacked jurisdiction to hear Mr. Clark's secrecy-order claims.[2]

---

[2] Mr. Clark did not raise in the Court of Federal Claims his new contention that the Invention Secrecy Act is unconstitutional—or explain here on what basis such a claim could have been within that court's limited jurisdiction. Similarly, he did not raise in the Court of Federal Claims his new contention that the United States violated the Fifth Amendment by ordering that his patent applica-

As to his copyright-infringement claims, Mr. Clark argues that the United States infringed his copyright by preparing works derivative of the Program. In particular, he argues that his copyright registration for the Program establishes a prima facie case for the validity of the Program's copyright and that the Program is not an idea but is instead copyrightable subject matter.

The Court of Federal Claims correctly dismissed Mr. Clark's claims of copyright infringement. Although Mr. Clark owns a copyright on the Program pamphlet, that is not enough to plausibly allege a claim for copyright infringement. Mr. Clark must also plausibly allege facts indicating that someone other than himself—someone for whose actions the United States is liable under 28 U.S.C. § 1498(b)—copied elements of the Program pamphlet protectable under the Copyright Act. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). He has not done so.

His complaint alleges that contractors and sub-contractors of the United States used the *ideas* embodied in the Program, which are not entitled to copyright protection. 17 U.S.C. § 102(b); *Clark*, 260 F. App'x at 293–94. Read liberally, the complaint also can be understood to allege that state and local officials copied some expressive elements of the Program pamphlet, in particular the Hall Pass. *See* Complaint at ¶ 1629 ("Defendant Warmack . . . obtained said OOA Hall Pass and performed the expression thereof."). But the complaint alleges only that the United States "act[ed] through" those state and local officials, *see e.g.*, Complaint at ¶¶ 1630–31, 1737, without alleging any facts plausibly showing that those officials were acting for or with the authorization of the United States in the ways required for liability under § 1498(b).

tion be kept secret without issuing a formal secrecy order—or explain the jurisdictional basis for such a claim.

The Court of Federal Claims thus correctly dismissed Mr. Clark's copyright-infringement allegations for failure to state a claim.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

**AFFIRMED**