**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted December 21, 2017*
Decided January 5, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2011

| | |
|---|---|
| CURT GILGENBACH, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 17-cv-01807 |
| STATE OF ILLINOIS, et al., | |
| *Defendants-Appellees*. | Andrea R. Wood, *Judge*. |

**O R D E R**

Curt Gilgenbach has sued federal, state, and local taxing authorities asserting that because he has a "land patent," he and his property are immune from taxation. The district court correctly ruled that it lacked subject-matter jurisdiction over this frivolous suit, so we affirm.

---

* The United States was not served with process in the district court and is not participating in this appeal. The case is submitted on the record, the appellant's brief, and the Village of Glendale Heights's motion for summary affirmance, which we have construed as its response brief. We have agreed to decide this case without oral argument because the appeal is frivolous. See FED. R. APP. P. 34(a)(2)(A).

Gilgenbach sued the United States, the State of Illinois, DuPage County, Bloomingdale Township, and the Village of Glendale Heights. He asserts that in 1845 the United States granted to his predecessor-in-interest the title to land that he now owns and therefore the defendants may not constitutionally tax it. When the defendants, some of whom were not served with process, did not respond to this complaint, he moved for default judgments. The judge dismissed the suit for lack of subject-matter jurisdiction and denied Gilgenbach's motion as moot, ending the case.

In this court Gilgenbach argues that the district court was required to enter default judgments under Federal Rule of Civil Procedure 55(a). He also rehashes his earlier arguments about the "unlawful taxation" of his property.

Frivolous suits do not engage federal jurisdiction. *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988); *see Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994). And this suit is frivolous. We have sanctioned litigants for frivolously basing federal-question jurisdiction on the theory, which Gilgenbach uses, that a "land patent" from the United States is a federal "law" that bars others from later acquiring interests in the land. *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985). A "land patent" from the United States does not bar future interests, including taxable interests, in the land; it just conveys fee simple ownership to the original titleholder. *Wisconsin v. Glick*, 782 F.2d 670, 671–74 (7th Cir. 1986) (relying on *Hilgeford* to sanction litigants for basing federal jurisdiction on a "land patent" and expecting that the sanction will ensure that others "think twice" before doing likewise); *see also Van Zelst v. Comm'r*, 100 F.3d 1259, 1261 (7th Cir. 1996) (explaining that a "land patent" is fee simple ownership). The district judge thus properly ruled that it lacked subject-matter jurisdiction and could not enter default judgments.

Gilgenbach also argues that the defendants violated local and state laws in categorizing his land for zoning and taxation purposes, but he has not developed his argument so we need not address it. *See Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 731 (7th Cir. 2013); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). In any case, the judge properly declined to exercise supplemental jurisdiction over state-law claims after she dismissed the federal claim as frivolous. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500–01 (7th Cir. 1999).

This is not the first time Gilgenbach has pursued frivolous litigation. He filed a similar "land patent" case in 2016 in the United States Court of Federal Claims. We now sanction Gilgenbach with a fine of $1,000. If the fine is not paid in two weeks, we will

enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), barring him from filing papers in any federal court within this circuit except for defense of criminal cases or applications for writs of habeas corpus.

We have considered Gilgenbach's other arguments, and none has merit. The judgment of the district court is

AFFIRMED.